Opinion
THE COURT.*
Appellant, Carl Darnell Brooks, appeals from the trial court’s imposition of a criminal conviction assessment in the amount of $30 pursuant to Government Code section 70373, subdivision (a)(1), on his conviction for three misdemeanor violations. For the reasons set forth herein, *Supp. 3 we affirm, and remand to the trial court for resentencing to impose the correct assessments for each of appellant’s three misdemeanor convictions.
FACTUAL AND PROCEDURAL BACKGROUND
On June 18, 2008, the People filed a complaint against appellant for (1) violation of Penal Code section 243, subdivision (b), battery on a peace officer, a misdemeanor, (2) violation of Penal Code section 148, subdivision (a)(1), resisting or obstructing a peace officer, a misdemeanor, and (3) violation of Penal Code section 594, subdivisions (a) and (b)(2)(A), vandalism, a misdemeanor.
The acts forming the basis for the charged violations occurred on May 28, 2008.
On January 22, 2009, appellant was convicted on all counts following a jury trial.
In addition to time in county jail and a $2,160 fine for all three misdemeanor convictions, the record reflects that the trial court imposed a single assessment of $30 under Government Code section 70373, subdivision (a)(1) (hereafter section 70373(a)(1)).
Appellant filed a timely notice of appeal. The sole ground for appeal is the imposition of this assessment.
The People did not file a respondent’s brief.
DECISION
Appellant argues that the section 70373(a)(1) assessment was improperly imposed because the offenses to which it relates were committed in 2008, and the law requiring that the assessment be imposed became effective in 2009. Therefore, appellant argues, it is an ex post facto law, as applied to him.
Section 70373(a)(1) became effective on January 1, 2009, with the enactment of Senate Bill No. 1407 (2007-2008 Reg. Sess.). It provides: “(a)(1) To ensure and maintain adequate funding for court facilities, an assessment shall *Supp. 4 be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction.” (§ 70373(a)(1).)
Enacted as part of Senate Bill No. 1407 (2007-2008 Reg. Sess.), the criminal conviction assessment is but one component of a broader legislative scheme in which filing fees in civil, family, and probate cases were also raised. (See, e.g., Gov. Code, §§70611 [unlimited civil filing fees], 70613, subd. (a) [limited civil filing fees], 70621 [fees for an appeal or petition for a writ in limited civil cases], 70654 [petitions for appointment of a guardian].)
Appellant relies on People v. High (2004) 119 Cal.App.4th 1192 [15 Cal.Rptr.3d 148], to support his assertion that the assessment, as applied here, is an ex post facto law. “[A] prohibited ex post facto law is a retrospective statute that increases a punishment beyond that applicable at the time the crime was committed.” (id. at p. 1195.)
In High, the Third District Court of Appeal held that fees and penalties that are punitive in nature may not be imposed with respect to offenses that occurred before the fees and penalties were adopted. (People v. High, supra, 119 Cal.App.4th at p. 1198.) Specifically, the Court of Appeal held that a surcharge on fines for theft-related offenses imposed under Penal Code section 1465.7 and a court facilities construction penalty imposed under Government Code section 70372, because calculated on size and severity of base fine, were penal in nature. These sections became effective after the defendant in High had committed his crimes.
Government Code section 70372, subdivision (a)(1), the court facilities construction penalty statute, provides: “(a)(1) Except as otherwise provided in subdivision (b) of Section 70375 and in this article, there shall be levied a state court construction penalty, in the amount of five dollars ($5) for every ten dollars ($10), or part often dollars ($10), upon every fine, penalty, or forfeiture imposed and collected by the courts for all criminal offenses, including, but not limited to, all offenses involving a violation of a section of the Fish and Game Code, the Health and Safety Code, or the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. This penalty is in addition to any other state or local penalty, including, but not limited to, the penalty provided by Section 1464 of the Penal Code and Section 76000” (italics added).
*Supp. 5 Penal Code section 1465.7, subdivision (a), the state surcharge statute, provides: “(a) A state surcharge of 20 percent shall be levied on the base fine used to calculate the state penalty assessment as specified in subdivision (a) of Section 1464” (italics added).
The Attorney General in People v. High, supra, 119 Cal.App.4th 1192, conceded that the state surcharge was an ex post facto law. High recognized that section 70372 was a “method of increasing the funds available to remodel, renovate and construct new state court facilities,” but noted that “the structure, operative principle, and descriptive language chosen reflect a penal purpose as well.” (People v. High, supra, at p. 1198.) Because the penalty imposed tracked the seriousness of the offense ($5 for every $10 or part of $10) and the base penalty, the court held that “[t]he prospect of its imposition therefore has a similar deterrent effect to that of punitive statutes generally.” (Ibid.) The court also noted that the charge was termed a “penalty” and not a “fee.” (Ibid.)
Section 70373 requires courts to impose an assessment effective January 1, 2009, “on every conviction for a criminal offense . . . .” (§ 70373(a)(1); see Sen. Bill No. 1407 (2007-2008 Reg. Sess.), enacted as Stats. 2008, ch. 311, § 6.5.) The language of section 70373 closely resembles that of the court security fee required in Penal Code section 1465.8, which the Supreme Court has held (a) applies to any conviction after the statute’s operative date, regardless of when the violation occurred, and (b) does not violate ex post facto prohibitions because it serves a nonpunitive purpose. (People v. Alford (2007) 42 Cal.4th 749 [68 Cal.Rptr.3d 310, 171 P.3d 32].)
In People v. Alford, supra, 42 Cal.4th 749, the Supreme Court held that the security fee in Penal Code section 1465.8 (section 1465.8) was not a prohibited ex post facto law.
This statute provides: “To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code.” (Pen. Code, § 1465.8, subd. (a)(1).)
As support for its holding that section 1465.8 was not an ex post facto law, the Supreme Court was compelled by the following factors:
1. The maintenance of “adequate funding for court security” purposes is unambiguously a nonpunitive objective.
2. It was part of a broader legislative scheme in which civil fees were also raised.
*Supp. 6 3. The Legislature also referred to the $20 amount due upon conviction by a nonpunitive term, labeling it as a “fee” and not a “fine.”
4. A $20 fee is relatively small, and less onerous than other consequences that have been held to be nonpunitive.
5. The amount of the fee is not dependent on the seriousness of the offense.
(People v. Alford, supra, 42 Cal.4th 749, 755-759.)
Appellant argues that Alford’s holding that the court security fee was not an ex post facto law was based on the fact that the fee was part of emergency legislation. In Alford, the Supreme Court noted enactment of section 1465.8 was part of an urgency measure to implement the Budget Act of 2003 and the court believed that this was revelatory of the Legislature’s intent to implement the directives of section 1465.8 immediately after it became operative. (See Stats. 2003, ch. 159, § 29 [“In order to provide for changes to implement the Budget Act of 2003, it is necessary that this act take effect immediately.”].)
However, the legislative intent behind section 1465.8’s enactment was only one of six reasons why the Supreme Court held that section 1465.8 could be applied retroactively, was nonpunitive, and was not an ex post facto law. The section 70373(a)(1) assessment is more like the fee approved in Alford than the penalty and surcharge invalidated in High, because:
1. The stated purpose of the section 70373(a)(1) assessment is to ensure and maintain adequate funding for court facilities, not to punish.
2. It is also part of a broad legislative scheme in which civil fees were also raised to fund courthouse construction.
3. It is termed an “assessment,” not a fine or a penalty.
4. The $30 is larger than the $20 approved in Alford, but still relatively small.
5. The amount of the assessment is not dependent on the seriousness of the offense.
*Supp. 7 As with the court security fee upheld in Alford, these factors weigh predominantly in favor of finding the section 70373(a)(1) assessment nonpunitive, and therefore not a prohibited ex post facto law.
The judgment is affirmed. However, the matter is remanded for resentencing to tibe trial court so that it may properly impose an assessment of $30 for each misdemeanor conviction.

Fall, P. J., Mock, J., and Rosenberg, J.