[No. C061806. Third Dist. Mar. 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
MIGUEL ANGEL CASTILLO, Defendant and Appellant.

COUNSEL

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Charles A. French and Craig S. Meyers, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BUTZ, J.—On July 30, 2007, the victim was in his parked truck when defendant Miguel Angel Castillo pointed a gun at him and said, "Get the fuck out of the truck, or I will kill you." The victim complied, and defendant took his truck.

In 2009, a jury convicted defendant of carjacking, and found he personally used a firearm. (Pen. Code, §§ 215, subd. (a), 12022.53, subd. (b).) The trial court sentenced defendant to state prison for 19 years. Defendant timely appealed.

On appeal, defendant contends the trial court should not have ordered him to pay a $30 criminal conviction assessment, because the statute authorizing the assessment was enacted after the date of his crimes. We disagree.[1]

## DISCUSSION

Government Code section 70373 (section 70373), provides in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction." (§ 70373, subd. (a)(1); Stats. 2008, ch. 311, § 6.5.)[2]

---

[1] Because we address defendant's contention on the merits, we need not address the portion of his briefing discussing forfeiture.

[2] In full, section 70373 provides:

"(a)(1) To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses as defined in subdivision (i) of Section 1463 of the Penal Code, involving a violation

As defendant contends, this statute was not effective until January 1, 2009. (See Stats. 2008, ch. 311.) "Enacted as part of Senate Bill No. 1407 (2007–2008 Reg. Sess.), the criminal conviction assessment is but one component of a broader legislative scheme in which filing fees in civil, family, and probate cases were also raised. (See, e.g., Gov. Code, §§ 70611 [unlimited civil filing fees], 70613, subd. (a) [limited civil filing fees], 70621 [fees for an appeal or petition for a writ in limited civil cases], 70654 [petitions for appointment of a guardian].)" (*People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 4 [99 Cal.Rptr.3d 221] (*Brooks*).)

■ As the Attorney General points out, a decision of the Appellate Division of the Yolo County Superior Court rejects the claim that this assessment violates ex post facto principles. (*Brooks, supra*, 175 Cal.App.4th at pp. Supp. 4–7.) We agree with *Brooks*. In short, the assessment is not punitive because it was adopted as one component of the effort to address a budget shortfall; it is not denominated a "fine"; the amount per conviction is small; and the amount is not dependent on the seriousness of the offense. (*Id.* at pp. Supp. 5–6.) Indeed, the assessment for an infraction *is greater* than for a felony or misdemeanor. (§ 70373, subd. (a)(1).)

■ Defendant effectively concedes the ex post facto claim, but argues that, as a matter of statutory construction, the assessment does not apply to crimes committed before its effective date. He relies on the general interpretive rule that statutes are presumed to operate prospectively. (See *Strauss v. Horton* (2009) 46 Cal.4th 364, 470 [93 Cal.Rptr.3d 591, 207 P.3d 48].) But we must first ask, on what event does this statute *operate*?

of a section of the Vehicle Code or any local ordinance adopted pursuant to the Vehicle Code. The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony and in the amount of thirty-five dollars ($35) for each infraction.

"(2) For the purposes of this section, 'conviction' includes the dismissal of a traffic violation on the condition that the defendant attend a court-ordered traffic violator school, as authorized by Sections 41501 and 42005 of the Vehicle Code. This assessment shall be deposited in accordance with subdivision (d), and may not be included with the fee calculated and distributed pursuant to Section 42007 of the Vehicle Code.

"(b) This assessment shall be in addition to the state penalty assessed pursuant to Section 1464 of the Penal Code and may not be included in the base fine to calculate the state penalty assessment as specified in subdivision (a) of Section 1464 of the Penal Code. The penalties authorized by Chapter 12 (commencing with Section 76000), and the state surcharge authorized by Section 1465.7 of the Penal Code, do not apply to this assessment.

"(c) When bail is deposited for an offense to which this section applies, and for which a court appearance is not necessary, the person making the deposit also shall deposit a sufficient amount to include the assessment prescribed by this section.

"(d) Notwithstanding any other law, the assessments collected pursuant to subdivision (a) shall all be deposited in a special account in the county treasury and transmitted therefrom monthly to the Controller for deposit in the Immediate and Critical Needs Account of the State Court Facilities Construction Fund, established in Section 70371.5.

"(e) The Judicial Council shall provide for the administration of this section."

The assessment is "imposed on every conviction" as defined. (§ 70373, subd. (a)(1).) Defendant's 2009 *conviction* occurred after the statute's effective date. The fact that defendant's conviction flowed from antecedent criminal conduct is not addressed by the statute.

The California Supreme Court reached a similar conclusion regarding an analogous statute. In *People v. Alford* (2007) 42 Cal.4th 749 [68 Cal.Rptr.3d 310, 171 P.3d 32] (*Alford*), a statute effective after Alford's crime imposed a court security fee on every conviction. (See Pen. Code, § 1465.8.) Because the statute was part of a budgeting bill, the court concluded that "the Legislature intended to impose the court security fee to all convictions after its operative date." (*Alford, supra*, 42 Cal.4th at p. 754.)

The court security fee statute provides in part: "To ensure and maintain adequate funding for court security, a fee of thirty dollars ($30) shall be imposed on every conviction for a criminal offense [as defined]." (Pen. Code, § 1465.8, subd. (a)(1).) The criminal conviction assessment statute provides in part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense [as defined]." (§ 70373, subd. (a)(1).)

■ The similarity between these two provisions is stark. The conclusion that the Legislature decided to convey the same meaning in both statutes seems inescapable. *Alford* was decided before section 70373 was enacted. Generally, "when a term has been given a particular meaning by a judicial decision, it should be presumed to have the same meaning in later-enacted statutes or constitutional provisions." (*Richmond v. Shasta Community Services Dist.* (2004) 32 Cal.4th 409, 422 [9 Cal.Rptr.3d 121, 83 P.3d 518]; see *Arnett v. Dal Cielo* (1996) 14 Cal.4th 4, 19 [56 Cal.Rptr.2d 706, 923 P.2d 1].)

■ The Legislature's decision to word section 70373 like the court security fee statute, *after* the latter statute had been interpreted by *Alford* to apply to convictions occurring after that statute's effective date, shows that the Legislature intended the new assessment to apply to convictions occurring after the new statute's effective date.

Further, like the court security fee, the criminal conviction assessment for court facilities was enacted as part of the budgeting process. (See *Brooks, supra*, 175 Cal.App.4th at p. Supp. 4.) In *Alford*, the California Supreme Court viewed such circumstance as an indication that the court security fee was meant to apply to convictions incurred after its operative date. (*Alford, supra*, 42 Cal.4th at p. 754; accord, *People v. Rivera* (1998) 65 Cal.App.4th 705, 710 [76 Cal.Rptr.2d 703] [ex post facto claim case].) The same rationale obtains here.

We conclude that the trial court properly imposed a $30 criminal conviction assessment in this case.[3]

## DISPOSITION

The judgment is affirmed.

Hull, Acting P. J., and Robie, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 9, 2010, S181878.

---

[3] In *People v. Schoeb* (2005) 132 Cal.App.4th 861 [33 Cal.Rptr.3d 889], we construed the phrase "every conviction" in the court security fee statute to mean the defendant had to pay the fee for each count of which he stood convicted. (*Id.* at pp. 865–866.) Section 70373 also hinges the assessment on "every conviction" as defined. Defendant was convicted of one count and therefore only owes the one $30 assessment the trial court imposed.