[No. F058534. Fifth Dist. July 2, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
JASON TROY PHILLIPS, Defendant and Appellant.

476

COUNSEL

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Lloyd G. Carter and Leanne Le Mon, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**DAWSON, J.**—In June of 2008, Jason Troy Phillips (appellant) pled guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a))

under a deferred entry of judgment, pursuant to Penal Code sections 1000 and 859a. In May of 2009, the court found appellant failed to comply with the deferred entry of judgment program and excluded him pursuant to Penal Code section 1000.3. It found appellant guilty based on his previously entered plea under Penal Code section 859a. The court sentenced appellant to a two-year term[1] and imposed various fees and fines, including a $30 assessment under Government Code section 70373 (section 70373).

Appellant contends only that the assessment imposed pursuant to section 70373 must. be stricken. Though members of this panel have previously agreed with this position, upon consideration of the opinion of the Third Appellate District in *People v. Castillo* (2010) 182 Cal.App.4th 1410 [106 Cal.Rptr.3d 688], we have concluded that it has the better view.

## SECTION 70373

At sentencing, appellant was ordered to pay a $30 assessment pursuant to section 70373, subdivision (a)(1) (the assessment). Appellant argues the assessment is unauthorized and must be stricken because the crimes occurred before section 70373's effective date. We, however, agree with the Third District Court of Appeal that the date of conviction, not the date of the crime, controls application of the statute. (*People v. Castillo, supra*, 182 Cal.App.4th 1410.)

Subdivision (a)(1) of section 70373 provides in relevant part: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed *on every conviction for a criminal offense* . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ." (Italics added; added by Stats. 2008, ch. 311, § 6.5, eff. Jan. 1, 2009.) Appellant committed his crime in 2008 and was sentenced in 2009. The issue is whether the statute applies where the crime was committed before the statute became effective.

In *People v. Alford* (2007) 42 Cal.4th 749 [68 Cal.Rptr.3d 310, 171 P.3d 32] (*Alford*), our Supreme Court addressed Penal Code section 1465.8, the language of which closely resembles section 70373. Penal Code former section 1465.8,[2] provided, in relevant part, "To ensure and maintain adequate funding for court security, a fee of twenty dollars ($20) shall be imposed *on every conviction for a criminal offense* . . . ." (Italics added.) Penal Code section 1465.8 became operative on August 17, 2003, shortly after the

---

[1] To be served concurrent with the sentence in *People v. Phillips* (Super. Ct. Kern County, 2009, No. BF124569A).

[2] Penal Code section 1465.8 was amended after *Alford* but not in any respect that is material here.

defendant committed a robbery but before he was convicted. (*Alford, supra,* at pp. 752–753.) The court determined that the statute did not violate ex post facto prohibitions because it served a nonpunitive purpose. The *Alford* court also determined that the Legislature intended Penal Code section 1465.8 to apply where the conviction occurred on or after the statute's effective date, regardless of when the crime occurred. (*Alford, supra,* at pp. 754–756.) In doing so, the court relied on the fact that Penal Code section 1465.8 was created by an urgency statute enacted as part of an emergency budgetary measure for the purpose of funding court security. The court examined relevant budgetary figures to determine the Legislature's intent. (*Alford, supra,* at pp. 754–755.)

Citing *Alford,* appellant acknowledges that, because section 70373 serves a nonpunitive purpose, applying it to crimes committed before its effective date does not violate prohibitions on ex post facto laws. But, appellant argues, unlike Penal Code section 1465.8, there is nothing in the statute or in the legislative history of section 70373 that indicates an intent that it apply where the criminal conduct occurred before the legislation became operative. (See *Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1193–1194 [246 Cal.Rptr. 629, 753 P.2d 585] [general rule is that, "in the absence of a clear legislative intent to the contrary statutory enactments apply prospectively"].) We disagree.

■ Instead, we agree with respondent, and with the Third Appellate District's opinion in *Castillo,* that it is the language of the statute that controls: "The assessment is 'imposed on every conviction' as defined. (§ 70373, subd. (a)(1).) Defendant's *conviction* occurred after the statute's effective date. The fact that defendant's conviction flowed from antecedent criminal conduct is not addressed by the statute. [¶] . . . [¶] The similarity between [Penal Code section 1465.8 and Government Code section 70373, however,] is stark. The conclusion that the Legislature decided to convey the same meaning in both statutes seems inescapable. *Alford* was decided before section 70373 was enacted. ■ Generally, 'when a term has been given a particular meaning by a judicial decision, it should be presumed to have the same meaning in later-enacted statutes or constitutional provisions.' [Citations.] [¶] ■ The Legislature's decision to word section 70373 like the court security fee statute, *after* the latter statute had been interpreted by *Alford,* to apply to convictions occurring after that statute's effective date shows that the Legislature intended the new assessment to apply to convictions occurring after the new statute's effective date." (*People v. Castillo, supra,* 182 Cal.App.4th at p. 1414.)

■ We also agree with *Castillo* that the fact that section 70373 is part of a budgetary enactment[3] supports application of the assessment to convictions regardless of the date of the underlying offense. (*People v. Castillo, supra*, 182 Cal.App.4th at pp. 1414–1415.) The assessment "is but one component of a broader legislative scheme in which filing fees in civil, family, and probate cases were also raised. [Citation.]" (*People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 4 [99 Cal.Rptr.3d 221] [§ 70373 does not violate ex post facto prohibitions].) Similarly, the court security fee considered in *Alford* was enacted as part of a larger budgetary measure. (*Alford, supra*, 42 Cal.4th at p. 754.)

We conclude that the assessment was properly imposed.

### Disposition

The judgment is affirmed.

Ardaiz, P. J., and Levy, J., concurred.

A petition for a rehearing was denied July 23, 2010, and appellant's petition for review by the Supreme Court was denied September 15, 2010, S185217. Baxter, J., did not participate therein.

---

[3] Section 70373 was enacted as part of Senate Bill No. 1407 (2007–2008 Reg. Sess.) on September 26, 2008. In relevant part, Senate Bill No. 1407 (2007–2008 Reg. Sess.) establishes the Immediate and Critical Needs Account (ICNA) of the State Court Facilities Construction Fund. "To ensure and maintain adequate funding for court facilities," section 70373 imposes a $30 assessment on every conviction for a felony or misdemeanor criminal offense and $35 for each infraction, with certain limited exceptions. (§ 70373, subd. (a)(1).) The amount collected from the assessment is to be deposited in the ICNA. (Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Sen. Bill No. 1407 (2007–2008 Reg. Sess.) as amended May 27, 2008, p. 2.)