Filed 6/13/14  P. v. Thomas CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GEORGE RAY THOMAS,<br><br>    Defendant and Appellant. | B250821<br><br>(Los Angeles County<br>Super. Ct. No. MA051307) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Christopher G. Estes, Judge.  Affirmed as modified with directions.

Carla Castillo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson, Viet H. Nguyen and Noah P. Hill, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, George Ray Thomas, appeals following resentencing. We modify the judgment to: include additional actual custody credit; double defendant's stayed five-year sentence on count 2 pursuant to Penal Code[1] sections 667, subdivisions (b) through (i) and 1170.12; and impose a stayed $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) plus penalty assessments and a surcharge on count 2. We affirm the judgment in all other respects.

# II. PRODEDURAL HISTORY

A jury convicted defendant of cocaine base possession for sale and controlled substance transportation. (Health & Saf. Code, §§ 11351.5, 11352, subd. (a)). Defendant admitted he had: sustained two prior drug convictions (Health & Saf. Code, § 11370.2, subd. (a)); served two prior prison terms (§ 667.5, subd. (b)); and sustained two prior serious or violent felony convictions. (§§ 667, subds. (b)-(i), 1170.12.) Defendant was sentenced to 31 years to life in state prison. We modified defendant's sentence and affirmed his conviction on direct appeal. (*People v. Thomas* (Mar. 14, 2013, B234814) [nonpub. opn].) We also issued an order to show cause in response to defendant's habeas corpus writ petition. (*In re George Thomas* (Mar. 29, 2013, B245966 [nonpub. order].)

Defendant was convicted after a retrial. At the first trial, defendant was represented by Wayne Redmond. At the retrial, defendant was represented by Michael Morse. Defendant's writ petition alleges Mr. Redmond and Mr. Morse were constitutionally ineffective because they never raised a prosecutorial vindictiveness issue. The writ petition alleges that Mr. Redmond and Mr. Morse should have sought dismissal of one of the prior violent or serious felony conviction allegations. Defendant reasoned the prosecutor, Jason Quirino, realleged a prior serious and violent conviction allegation

---

[1] Except where otherwise noted, future statutory references are to the Penal Code.

after the first retrial ended in a mistrial without any rational justification. After issuance of our order to show cause, the prosecutor failed to file a return. No justification was offered for the failure to comply with this court's order to file a return. Instead, the parties entered into a stipulation to strike a prior serous and violent conviction. On May 9, 2013, the parties stipulated: "That both parties have come to the following agreement: The People make a motion to strike one of [the] strike priors for Mr. Thomas, making this a second-strike case. [¶] We would then ask for a new sentencing date in the future. [¶] And both parties also ask that the court not make any factual findings on the current writ before the court, because the parties have agreed by stipulation to resolve the matter by stipulation." The trial court accepted the stipulation. On July 1, 2013, the trial resentenced defendant. This appeal followed. We express no opinion as to: whether Mr. Redmond or Mr. Morse acted ineffectively; Mr. Quirino engaged in misconduct; or whether it was appropriate to accept the stipulation without requiring filing of the return as we ordered.

## III. DISCUSSION

### A. Orders Under Review Concerning Custody Credits

Upon resentencing, the trial court awarded defendant credit for 497 days in presentence custody plus 248 days of conduct credit for a total of 745 days. The sole issue raised by defendant is whether he is additionally entitled to credit for his actual days in custody from the initial sentencing through the resentencing. We reject the Attorney General's argument this appeal must be dismissed under section 1237.1. We modify the judgment to award defendant the additional custody credit.

3

## B. Section 1237.1 Does Not Require Dismissal Of This Appeal

The Attorney General argues defendant's appeal must be dismissed under section 1237.1. There is no constitutional right to appeal. (*Griffin v. Illinois* (1956) 351 U.S. 12, 18 ["[A] state is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all"]; *People v. Delgado* (2012) 210 Cal.App.4th 761, 764; *People v. Connor* (2004) 115 Cal.App.4th 669, 677; see *People v. Mazurette* (2001) 24 Cal.4th 789, 792 ["'It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute'"].) The right to appeal is purely statutory. (*People v. Mazurette, supra,* 24 Cal.4th at p. 792; *People v. Delgado, supra,* 210 Cal.App.4th at p. 764; *People v. Connor, supra,* 115 Cal.App.4th at p. 677.)

Section 1237.1 states: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court." The language "error in the calculation of presentence custody credits" (§ 1237.1) means "a mere . . . mathematical or clerical error." (*People v. Delgado, supra,* 210 Cal.App.4th at p. 765.) Here, the issue on appeal is not whether custody credits were miscalculated or there was clerical error. The question is whether under *People v. Buckhalter* (2001) 26 Cal.4th 20, 23-41, defendant is entitled to additional custody credit. Section 1237.1 does not require dismissal of the present appeal. (*People v. Delgado, supra,* 210 Cal.App.4th at pp. 764-767.)

## C. Defendant Is Entitled To Additional Custody Credit

Defendant was initially sentenced on July 25, 2011. He was resentenced on July 1, 2013. Defendant should have been credited with the 707 days served in prison between July 25, 2011, when he was originally sentenced, and July 1, 2013, when he was resentenced. (*People v. Buckhalter, supra,* 26 Cal.4th at pp. 23, 29, 40-41; see *People v.*

4

*Saibu* (2011) 191 Cal.App.4th 1005, 1011-1012.)  He is not, however, entitled to any additional conduct credit.  (*People v. Buckhalter, supra,* 26 Cal.4th at pp. 23, 29, 40; *People v. Superior Court (Kaulick)* 215 Cal.App.4th 1279, 1290, fn. 6.)  The judgment must be modified to award defendant 1,204 days of custody credit plus 248 days of conduct credit for a total of 1,452 days.  The abstract of judgment must be amended to reflect the modified credit award.

### D.  The Count Two Sentence

Our decision in the prior appeal directed the trial court to stay the sentence on one of the two counts.  (*People v. Thomas, supra,* typed opn. at p. 24.)  Upon resentencing, the trial court imposed and stayed (§ 654, subd. (a)) a five-year sentence on count 2.  The trial court should have imposed a 10-year sentence pursuant to sections 667, subdivision (e)(1) and 1170.12, subdivision (c)(1).  Once doubled, the 10-year sentence was properly stayed.  (*People v. Thomas, supra,* typed opn. at p. 24; see *People v. Dominguez* (1995) 38 Cal.App.4th 410, 420 & fn. 7, 424 [once the doubled term was imposed, it was properly stayed].)

### E.  Criminal Laboratory Analysis Fee

In the prior appeal, we held defendant was subject to a $50 criminal laboratory analysis fee (Health & Saf. Code, § 11372.5, subd. (a)) plus penalties and a surcharge totaling $130 for each of the two offenses of which he was convicted.  (*People v. Thomas, supra,* typed opn. at pp. 25-26.)  Upon resentencing, the trial court imposed the $50 criminal laboratory analysis fee plus penalties and a surcharge on count 1, a violation of Health and Safety Code section 11351.5.  The trial court should have also imposed the fee, penalties and surcharge on count 2, a violation of Health and Safety Code section 11352, subdivision (a).  Both counts are subject to the criminal laboratory analysis fee. (Health & Saf. Code, § 11372.5, subd. (a); *People v. Sharret* (2011) 191 Cal.App.4th

859, 863; see *People v. Martinez* (1998) 65 Cal.App.4th 1511, 1519 ["The fee is mandatory"].) Defendant committed the drug offenses on February 22, 2010. Therefore, each criminal laboratory analysis fee is subject to the following penalties and surcharge: a $50 state penalty (§ 1464, subd. (a)(1)); a $35 county penalty (Gov. Code, § 70373, subd. (a)); a $10 state surcharge (§ 1465.7, subd. (a)); a $15 state court construction penalty (former Gov. Code, § 70372, subd. (a)(1), Stats. 2009, 2nd Ex. Sess., ch. 10, § 5, eff. May 21, 2009-Oct. 18, 2010; a $5 deoxyribonucleic acid penalty (former Gov. Code, § 76104.6, subd. (a)(1), Stats. 2008, ch. 751, § 48, eff. Sept. 30, 2008-Dec. 31, 2010); a $5 state-only deoxyribonucleic acid penalty (former Gov. Code, § 76104.7, subd. (a), Stats. 2007, ch. 302, § 8, eff. Jan. 1, 2008-June 9, 2010); and a $10 emergency medical services penalty (former Gov. Code, § 76000.5, subd. (a)(1), Stats. 2008, ch. 60, § 1, eff. Jan. 1, 2009-Dec. 31, 2010). The criminal laboratory analysis fee is mandatory; there is no requirement that defendant be found able to pay the criminal laboratory analysis fee together with the penalties and surcharge before it may be imposed. (Health & Saf. Code, § 11372.5, subd. (a); *People v. Sharret, supra,* 191 Cal.App.4th at p. 870; *People v. Martinez, supra,* 65 Cal.App.4th at p. 1519; *People v. Staley* (1992) 10 Cal.App.4th 782, 784-785.) The judgment must be modified to impose the $50 criminal laboratory analysis fee plus the penalties and surcharge totaling $130 as to *each* count. However, because the count 2 sentence is stayed under section 654, subdivision (a), the fee, penalties and surcharge must also be stayed as to that count. (*People v. Sharret, supra,* 191 Cal.App.4th at pp. 869-870.) In addition, the abstract of judgment must be amended; the abstract of judgment erroneously states, "Pay $130 penalty assessment, $10 criminal surcharge . . . ." As noted above, the $10 state surcharge (§ 1465.7, subd. (a)) is included in the $130 total.

F.  Court Security and Operations Assessments

The trial court properly imposed a $30 court facilities assessment (Gov. Code, § 70373, subd. (a)(1)) and a $40 court operations assessment (former § 1465.8, subd.

6

(a)(1), Stats. 2011, ch. 10, § 8, eff. 3-4-11–6-29-11) as to each count.  (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484-485; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-866; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3; see *People v. Alford* (2007) 42 Cal. 4th 749, 758, fn. 6.)  The abstract of judgment must be amended to reflect $60 in court facilities assessments and $80 in court operations assessments.

## IV.  DISPOSITION

The judgment is modified to:  award defendant 1,204 days of custody credit, plus 248 days of conduct credit for total credits of 1,452 days; impose and stay a 10-year sentence on count 2; and impose and stay a $50 criminal laboratory analysis fee plus penalties and a surcharge totaling $130 on count 2.  The judgment is affirmed in all other respects.  Upon remittitur issuance, the clerk of the superior court must prepare an amended abstract of judgment that:  reflects 1,204 days of presentence credit; imposes $80 in court operations assessments (Pen. Code, § 1465.8, subd. (a)(1)) and $60 in court facilities assessments (Gov. Code, § 70373, subd. (a)(1); and omits the language "$10 criminal surcharge" in section 13.  The clerk of superior court is to deliver a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

MOSK, J.                                    KRIEGLER, J.

7