Filed 9/21/16  P. v. Wesco CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RECONDAL WESCO,<br><br>Defendant and Appellant. | B265284<br><br>(Los Angeles County<br>Super. Ct. No. BA428288) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edmund Willcox Clarke, Jr., Judge.  Affirmed as modified.

Marleigh A. Kopas, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## I.  INTRODUCTION

Defendant, Recondal Wesco, appeals from his sentence following a jury trial.  On June 10, 2015, defendant was convicted of violating Penal Code sections 240 and 242.[1]  The judgment, as modified, is affirmed.

## II.  BACKGROUND

In an information, the Los Angeles County District Attorney charged defendant with two felony counts from an incident on August 10, 2014 involving Mr. Daniel Castilleja.  In Count 1, the district attorney alleged defendant assaulted Mr. Castilleja with a deadly weapon in violation of section 245, subdivision (a)(1).  In Count 2, the district attorney alleged defendant committed battery with serious bodily injury in violation of section 243, subdivision (d).  The district attorney also alleged both counts constituted serious felonies under section 1192.7, subdivision (c) and hate crimes under section 422.75, subdivision (a).  The district attorney alleged these two counts were serious felonies within the meaning of section 1192.7, subdivision (c)(8).

Defendant plead not guilty.  On June 10, 2015, following a jury trial, the jury found defendant not guilty of the felony counts.  The jury convicted defendant of the lesser offenses of misdemeanor simple assault under section 240 for Count 1 and misdemeanor battery under section 242 for Count 2.  The jury found the hate crime allegations were not true.

Following his conviction, defendant was sentenced.  The trial court denied probation.  The trial court orally sentenced defendant to 180 days in jail for each conviction under Count 1 and Count 2.  The Count 2 sentence was stayed.  Defendant had 302 days of actual days served and 302 days of good time credit, for a total of 604 credit days.  The trial court ordered defendant released as soon as practical.  The trial court imposed fees of:  $150 restitution fine; $30 criminal convictions facilities assessment; and $40 court security fee.  However, the trial court ordered all fines stricken in the

---

[1] Further statutory references are to the Penal Code unless otherwise noted.

interest of justice because defendant had served so much time in excess of his actual sentence.

## III.  DISCUSSION

We appointed counsel to represent defendant on appeal.  After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised.  Instead, appointed appellate counsel requested we independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 227-284.)  On May 13, 2016, we advised defendant that he had 30 days within which to personally submit any contentions or arguments he wishes us to consider.  No response was received.

We requested the parties provide additional briefing on whether the trial court should have imposed an assessment as to each count. For the imposition of the court facilities assessment, Government Code section 70373, subdivision (a)(1), provides in part:  "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . .  The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ."  For the court operations assessment, section 1465.8, subdivision (a)(1), provides in part:  "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ."  Defendant concedes that the court facilities and court operations assessments should be per count.

We also requested briefing on whether the trial court could strike the court facilities and court operations assessments.  Defendant contends the trial court's striking of the assessments should be affirmed.  Defendant asserts the court facilities and court operations assessments violate the Equal Protection and Due Process Clauses of the United States and California Constitution.

Defendant contends the assessments violate equal protection because they differentiate between convicted and non-convicted defendants.  Defendant contends the lack of consideration regarding a defendant's ability to pay indicates the assessments are punishment.

3

Our Supreme Court has held the assessment fees are not punishment: "The legislative history demonstrates that the court security fee [now the court operations assessment] was enacted as part of an emergency budgetary measure for the nonpunitive purpose of funding court security." *People v. Alford* (2007) 42 Cal.4th 749, 756; *People v. Wallace* (2004) 120 Cal.App.4th 867, 875-876; see *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1413-1414 [applying *People v. Alford* rationale to Government Code section 70373].) Our Supreme Court further held, "The court security fee is not so punitive in nature or effect that it constitutes punishment." (*People v. Alford, supra*, 42 Cal.4th at p. 757; *People v. Wallace, supra*, 120 Cal.App.4th at pp. 876-877; see *People v. Castillo, supra*, 182 Cal.App.4th at p. 1413 [Government Code section 70373 not punitive].)

Where a disputed statutory disparity exists that does not implicate a suspect class or fundamental right, equal protection is denied only where there is no rational relationship between the disparity of treatment and some legitimate government purposes. (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 881.) Here, a rational basis exists for both the court facilities and court operations assessments. The purpose of the court operations assessment is "[t]o assist in funding court operations . . . ." (§ 1465.8, subd. (a)(1).) The purpose of the court facilities assessment is "[t]o ensure and maintain adequate funding for court facilities . . . ." (Gov. Code, § 70373, subd. (a)(1).) Imposing this fee only on convicted defendants is rational. The United States Supreme Court held in a case involving Oregon legislature's decision to impose costs of legal fees on certain convicted defendants and un-convicted defendants: "A defendant whose trial ends without conviction or whose conviction is overturned on appeal has been seriously imposed upon by society without any conclusive demonstration that he is criminally culpable. His life has been interrupted and subjected to great stress, and he may have incurred financial hardship through loss of job or potential working hours. His reputation may have been greatly damaged. The imposition of such dislocations and hardships without an ultimate conviction is, of course, unavoidable in a legal system that requires proof of guilt beyond a reasonable doubt and guarantees important procedural

4

protections to every defendant in a criminal trial. But Oregon could surely decide with objective rationality that when a defendant has been forced to submit to a criminal prosecution that does not end in conviction, he will be freed of any potential liability to reimburse the State for the costs of his defense. This legislative decision reflects no more than an effort to achieve elemental fairness and is a far cry from the kind of invidious discrimination that the Equal Protection Clause condemns." (*Fuller v. Oregon* (1974) 417 U.S. 40, 49-50 [fn. omitted.].) Thus, defendant has failed to demonstrate the assessments violate equal protection.

Defendant also contends the assessments violate due process because he did not receive notice and did not have a meaningful opportunity to contest it. The United States Supreme Court has held, "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.' [Citation.]" (*Mathews v. Eldridge* (1976) 424 U.S. 319, 333; *People v. Allen* (2008) 44 Cal.4th 843, 869; *People v. Lawrence* (1956) 140 Cal.App.2d 133, 137; see *People v. Ramirez* (1979) 25 Cal.3d 260. 267-268.) Defendant received adequate notice as both section 1465.8 and Government Code section 70373 clearly indicate imposition of assessments following a conviction. (See *Stark v. Superior Court* (2011) 52 Cal.4th 368, 396 [ignorance of law is not an excuse for violation]; *People v. Hagedorn* (2005) 127 Cal.App.4th 734, 748 [citizens are presumed to know the law].) As for his meaningful opportunity to contest the imposition of the assessments, defendant received one: his criminal trial. Defendant makes no arguments concerning his due process rights at the trial. Thus, the assessments do not violate due process.

The trial court erred by failing to impose the court facilities and court operations assessments for each count. The court facilities assessment and court operations assessment are mandatory and the trial court lacks discretion to strike them. (*People v. Sencion* (2012) 211 Cal.App.4th 480, 484; *People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543, fn. 2; *People v. Woods* (2010) 191 Cal.App.4th 269, 272, 273.) The judgment will be modified to impose a total of $60 court facilities assessment and $80 court operations assessment.

For restitution fines, section 1202.4, subdivision (b)(1), provides in part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. . . . If the person is convicted of a misdemeanor, the fine shall not be less than . . . one hundred fifty dollars ($150) starting on January 1, 2014, and not more than one thousand dollars ($1,000)." (*People v. Woods*, *supra*, 191 Cal.App.4th at p. 273.) Here, the trial court found compelling and extraordinary reasons not to impose a restitution fine and stated those reasons for the record. Striking imposition of the restitution fine was within the discretion of the trial court.

IV. DISPOSITION

The oral pronouncement of judgment is modified to impose a $30 court facilities assessment and a $40 court operations assessment as to each count for a total assessment of $140. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P.J.

We concur:


KRIEGLER, J.


RAPHAEL, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6