Filed 10/13/22  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C095332 |
| Plaintiff and Respondent, | (Super. Ct. No. MAN-CR-FE-2020-0012362) |
| v. | |
| TOMMY LEE SMITH, | |
| Defendant and Appellant. | |

Defendant Tommy Lee Smith appeals the trial court's aggregate prison sentence of 16 months following his conviction by jury for unlawful possession of a firearm and ammunition, as well as misdemeanor possession of methamphetamine.  He complains the trial court prejudicially erred in:  (1) failing to clarify in its limiting instruction that defendant's prior felony conviction could not be used to show he was dangerous or was a person of bad character, and (2) imposing concurrent sentences for the possession of a

1

firearm and possession of ammunition counts in violation of Penal Code section 654.[1] Finally, defendant requests the $30 surcharge not orally imposed at sentencing, but reflected on the abstract of judgment, be stricken. We conclude defendant's section 654 claim has merit and will further modify the judgment to correct certain errors identified within the defendant's fines and fees. We will affirm the judgment as modified.

## BACKGROUND

Defendant was tried by jury, who found him guilty of being a felon in possession of a firearm (§ 29800, subd. (a)(1); count 1), unlawfully possessing ammunition (§ 30305, subd. (a)(1); count 2), and possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 3).

At trial, the People presented evidence defendant drove a truck that was pulled over because the registration was suspended. Dispatch advised that defendant's license was suspended and he was on searchable probation. Officer Dylan Noel searched defendant, finding 2.9 grams of methamphetamine in his pocket. Defendant was detained, and a search of the truck revealed a loaded handgun in a leather bag within the engine compartment. The parties stipulated defendant had been convicted of a felony within the past 10 years.

In his defense, defendant's best friend, Richard Lott, testified to placing the loaded gun in the engine compartment of defendant's truck for safekeeping, but did not think defendant would drive the truck because it was normally used by defendant's son. Lott was alone when he stowed the gun and did not tell defendant he put the gun in the truck, but had told defendant's son and asked that he remove it. Lott conceded on cross-examination that he did not go to the authorities when he learned of defendant's arrest.

---

[1] Undesignated statutory references are to the Penal Code.

The trial court refused defendant's request for probation and sentenced him to the low term of 16 months in state prison that comprised of 16 months for count 1, 16 months concurrent for count 2, and one year concurrent for count 3 with custody credit for a total of eight days. The court further imposed a $300 restitution fine (§ 1202.4), a $300 stayed parole revocation restitution fine (§ 1202.45),[2] a $40 court operations assessment fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373). Defendant timely appealed, and the appellate briefing in this case was completed on July 22, 2022.

## DISCUSSION

### A.    *The Jury Instructions*

Defendant complains the trial court prejudicially erred in failing to provide a narrower limiting instruction advising that defendant's prior conviction could not be used to show he was dangerous or had a bad character. Alternatively, defendant argues that if this issue is forfeited by his failure to object to the instructions as given, his counsel provided ineffective assistance. We disagree.

Here, the trial court instructed the jury, in pertinent part, with CALCRIM No. 303, stating: "During the trial, certain evidence was admitted for a limited purpose. You may consider that evidence only for that purpose and for no other." The court further instructed the jury in the elements required to show unlawful possession of a firearm and of ammunition. (See CALCRIM Nos. 2511 & 2591.) These instructions included that "[t]he defendant had previously been convicted of a felony" and that "[t]he defendant and the People have stipulated, or agreed, that the defendant was previously convicted of a felony. This stipulation means that you must accept this fact as proved." However, defendant did not request and the court did not give the optional supplemental

---

[2]  The trial court misspoke when it identified the statutory authority for this fine as section 1202.44, which applies to probation revocation restitution fines. We will modify the judgment to correct this clerical error.

instructions provided within CALCRIM Nos. 2511 and 2591, that the jury should "not consider this fact for any other purpose" or "speculate about or discuss the nature of the conviction." Nor did defendant object to the giving of CALCRIM No. 303 itself.

"A trial court must instruct the jury, even without a request, on all general principles of law that are ' "closely and openly connected to the facts and that are necessary for the jury's understanding of the case." ' " (*People v. Burney* (2009) 47 Cal.4th 203, 246.) Nonetheless, " 'the trial court ordinarily has no sua sponte duty to instruct the jury as to the admissibility or use of other crimes evidence.' " (*People v. Cottone* (2013) 57 Cal.4th 269, 293.)

Recognizing the court had no sua sponte duty to give a limiting instruction, defendant argues that because the trial court gave CALCRIM No. 303, it was also required to clarify that instruction by providing the optional clarifying language directing the jury not to speculate as to the nature of the defendant's prior conviction, nor use that conviction as supporting a propensity to commit serious crimes. (See CALCRIM Nos. 2511 & 2591.) However, defendant has not shown that CALCRIM Nos. 303, 2511, and 2591 were incorrect statements of law as given and thus, a timely objection was required in order to preserve defendant's claim for appeal.[3] (*People v. Lang* (1989) 49 Cal.3d 991, 1024 ["A party may not complain on appeal that an instruction correct in law and responsive to the evidence was too general or incomplete unless the party has requested appropriate clarifying or amplifying language"], abrogated on other grounds in *People v. Diaz* (2015) 60 Cal.4th 1176, 1190; *People v. Lee* (2011) 51 Cal.4th 620, 638

---

[3] This failure is not forgiven by defendant's reliance on section 1259. While a defendant may generally raise a claim of "instructional error affecting his or her substantial rights" on appeal without objecting below, this does not apply to an argument that the instruction, which was "correct in law[,] was too general or incomplete." (*People v. Buenrostro* (2018) 6 Cal.5th 367, 428.) Such claim must be presented below or is forfeited on appeal. (*Ibid.*)

[defendant's failure to request clarification of an instruction reflecting a correct statement of law forfeits appellate claim based on court's failure to revise that instruction].)

Moreover, defendant has not established that his counsel was ineffective in failing to request a clarifying instruction. To prevail on a claim of ineffective assistance of counsel, a defendant must show "that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. [Citations.] [¶] Generally, failure to object is a matter of trial tactics as to which we will not exercise judicial hindsight. [Citation.] 'When a defendant makes an ineffectiveness claim on appeal, the appellate court must look to see if the record contains any explanation for the challenged aspects of representation. If the record sheds no light on why counsel acted or failed to act in the manner challenged, "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation" [citation], the contention must be rejected.' [Citation.] A reviewing court will not second-guess trial counsel's reasonable tactical decisions. [Citation.]" (*People v. Kelly* (1992) 1 Cal.4th 495, 520.) " '[E]ven "debatable trial tactics" do not "constitute a deprivation of the effective assistance of counsel." [Citation.]' " (*People v. Weaver* (2001) 26 Cal.4th 876, 928.)

Here, we conclude defendant has not shown there is no satisfactory explanation for his trial counsel's failure to request the clarifying instruction. (*People v. Kelly*, *supra*, 1 Cal.4th at p. 520; *People v. Weaver*, *supra*, 26 Cal.4th at p. 928.) Instead, our review of the record has disclosed at least one reasonable explanation. In closing argument, defendant's counsel focused on Lott's testimony and whether the People had established that defendant *knew* the loaded gun was in the truck. With regard to the stipulated prior conviction, counsel told the jury that they could not use the stipulated prior conviction to convict defendant of the charged crimes and explained that the prior conviction was

5

limited to establishing just two of the elements the People were required to prove.[4] Thus, the record supports that defendant's counsel may have made a reasonable tactical decision to rely on the instruction given by the court and counsel's explanation as sufficient to describe the jury's duty regarding his stipulated prior conviction. Accordingly, we reject this claim.

B.      *Concurrent Sentences on Counts 1 and 2*

Defendant argues the trial court erred in imposing concurrent sentences for counts 1 and 2 in violation of section 654 because defendant committed a single act of unlawfully possessing a loaded gun.  We agree.

Under section 654, a defendant who violates multiple laws in a single course of action may be charged with, and convicted of, distinct crimes but sentenced for only one offense.  The sentence on the other offenses is imposed but stayed.  (*People v. Sek* (2022) 74 Cal.App.5th 657, 673; *People v. Mendoza* (2022) 74 Cal.App.5th 843, 853-854.) Included within this prohibition, the California Supreme Court held in *People v. Jones* (2012) 54 Cal.4th 350, 357 that "a single possession or carrying of a single firearm on a single occasion may be punished only once under section 654."  (See also *People v. Lopez* (2004) 119 Cal.App.4th 132, 138 [§ 654 prohibits punishment for both unlawful possession of a gun and unlawful possession of ammunition loaded within the gun].) There is no suggestion in the record that defendant separately possessed the gun and the

---

[4] Counsel stated:  "The last instruction that was just printed out is about limited purpose evidence.  The only limited purpose evidence that I believe we have in this case -- well, there is a couple of things.  The only one that really matters is what I talked to you about in jury selection and what we stipulated to which is the fact that he has a felony conviction.  You cannot use that felony conviction to convict him of the crimes he's charged of, that is not evidence of the crime.  It does fill two of the elements, that's fine. Because remember what we talked about, all of the elements have to be proved beyond a reasonable doubt, not the ones you think are more important, not two out of three or three out of four, all of them."

ammunition, which was loaded within the magazine of the weapon when seized. Accordingly, section 654 requires the staying of one of these counts. (*Jones*, at p. 357; *Lopez*, at p. 138.)

Former section 654 required the trial court to impose a sentence based on the offense with the longest prison term. (*People v. Mendoza*, *supra*, 74 Cal.App.5th at p. 862; *People v. Sek*, *supra*, 74 Cal.App.5th at p. 673.) Assembly Bill No. 518 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 441, § 1), which went into effect during the pendency of this appeal, amended section 654 to "remove[ ] the requirement to impose the longest prison term" (*Sek*, at p. 673) in order "to give trial courts discretion in selecting the punished offense for conduct punishable under multiple provisions of law." (*Mendoza*, at pp. 861-862, fn. omitted.) Section 654, subdivision (a) now provides: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." However, because the trial court imposed identical concurrent terms of 16 months for counts 1 and 2, we do not need to remand the matter for the trial court to select which term to stay. Instead, we will modify the judgment to stay the 16-month term imposed on count 2.

C.      *The $30 Surcharge*

Defendant requests and the People agree that the $30 surcharge not orally imposed at sentencing, but reflected on the abstract of judgment, must be stricken. We conclude this surcharge should be stricken from both the sentencing minute order and abstract of judgment. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 [court's oral pronouncement of the judgment prevails over any conflicting language in the abstract judgment].) However, our review of the record has disclosed the trial court did not impose the $40 court operations assessment fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373) per *count* as required. (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1415, fn. 3 [Gov. Code, § 70373]; *People v. Schoeb* (2005) 132 Cal.App.4th 861, 865-

7

866 [§ 1465.8].)  We can and will correct this omission.  (See *People v. Smith* (2001) 24 Cal.4th 849, 853-854 [Court of Appeal may correct errors associated with mandatory sentencing choices without the need to remand for further proceedings]; *People v. Knightbent* (2010) 186 Cal.App.4th 1105, 1111-1113 [correcting the amount imposed for the mandatory assessments under Gov. Code, § 70373].)

## DISPOSITION

The judgment is modified to stay the 16-month sentence imposed on count 2 in accordance with section 654.  The judgment is further modified to reflect three $40 court operations assessment fees (§ 1465.8) and three $30 conviction assessment fees (Gov. Code, § 70373).  Finally, the judgment is modified to reflect that the $300 parole revocation restitution fine was imposed pursuant to section 1202.45, not section 1202.44.  The trial court is directed to prepare an amended abstract of judgment and minute order reflecting these changes, as well as striking the $30 surcharge formerly reflected in these documents but not orally imposed at sentencing, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.  The judgment is affirmed as modified.


         /s/
         HOCH, J.


We concur:



 /s/
MAURO, Acting P. J.



 /s/
DUARTE, J.


8