Filed 7/24/24  P. v. Alvarado CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B330283 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA014561) |
| v. | |
| GILBERT MENDOZA ALVARADO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Gilbert Mendoza Alvarado (defendant) appeals from the judgment following resentencing.  On appeal, he contends the trial court erred by imposing court security fees and criminal conviction assessments and incorrectly calculated his presentence custody credits.  The People agree, and so do we.  Accordingly, we modify but otherwise affirm the judgment.

**FACTS AND PROCEDURAL BACKGROUND**

**I.     Convictions and Original Sentence[1]**

Defendant was convicted in 1993 of (1) second degree murder (Pen. Code, § 187, subd. (a)[2]); (2) assault with a firearm (§ 245, subd. (a)(2)); (3) shooting at an occupied vehicle (§ 246); and (4) possession of marijuana for sale (Health & Saf. Code, § 11359).  With respect to the murder, the jury found true the allegation that defendant personally used a firearm (§ 12022.5, subd. (a)).

On March 4, 1993, the trial court sentenced defendant to an aggregate term of 24 years to life in prison, consisting of 15 years to life for the second degree murder plus five years for personal use of a firearm; three years for drug possession; and

---

**1**     As the underlying facts are not in dispute and not relevant to the issues on appeal, we provide only a brief overview of the procedural background of defendant's conviction.

**2**     All further statutory references are to the Penal Code unless otherwise indicated.

2

one year for a prior prison term enhancement (§ 667.5, subd. (b)). The court imposed and stayed prison terms for the assault with a firearm and shooting at an occupied vehicle.

## II. Resentencing

On April 19, 2023, the trial court held a resentencing hearing pursuant to sections 1172.7 (Stats. 2022, ch. 58, § 11) and 1172.75 (Stats. 2022, ch. 58, § 12).[3]

The trial court vacated defendant's 1993 sentence and resentenced him to an aggregate term of 20 years to life in prison, consisting of a life term with a 15-year minimum parole eligibility date, plus five years for the firearm enhancement.[4] The court imposed various fines and fees which included a $40 court security fee (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373) for each of defendant's convictions. The court also awarded defendant 263 days of presentence custody credits, which was the same amount of credits awarded at the original March 1993 sentencing.

Defendant filed this timely appeal.

---

[3] These statutes invalidate, respectively, any sentencing enhancement imposed (1) under Health and Safety Code section 11370.2 for having suffered a prior conviction for specified drug offenses (§ 1172.7); and (2) under section 667.5, subdivision (b), for having served a prior prison term (§ 1172.75).

[4] The court struck the conviction for the drug offense and the one-year term for the prison prior, reduced defendant's conviction for assault with a firearm to a misdemeanor and imposed a concurrent term, and imposed and stayed the prison term for shooting at an occupied vehicle.

## DISCUSSION

Defendant raises two issues with respect to his April 2023 resentencing. Both are meritorious.

## I. Unauthorized Court Security Fees and Criminal Conviction Assessments

The assessments for each conviction that courts must impose pursuant to section 1465.8 and Government Code section 70373 did not take effect until August 17, 2003 and January 1, 2009, respectively. (Stats. 2003, ch. 159, § 25; Stats. 2008, ch. 311, § 6.5.) Because these assessments may be imposed only when a defendant is convicted *on or after* their effective dates (*People v. Alford* (2007) 42 Cal.4th 749, 754-755; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1414), and because defendant's 1993 convictions occurred long before either assessment's effective date, those assessments must be stricken from the judgment.

## II. Recalculation of Custody Credits

When a resentencing occurs, the trial court—not the prison authorities—"must calculate the *actual time* the defendant has already served and credit that time against the 'subsequent sentence.'" (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23, citing § 2900.1; see also *People v. Saibu* (2011) 191 Cal.App.4th 1005, 1012 ["The sentencing court must determine such time and reflect it in the abstract of judgment"].)

Here, the trial court did not properly calculate the actual custody time up to the date of defendant's resentencing. Instead, the court listed the number of actual custody credits calculated at the time of the original sentencing (263 days). We are empowered to correct this error. (*People v. Taylor* (2004) 119

Cal.App.4th 628, 647; *People v. Turner* (2002) 96 Cal.App.4th 1409, 1415.)

Defendant is entitled to 11,266 days of presentence custody credits. That number is calculated by adding the number of actual custody days prior to the date of the original sentencing (263 days) to the number of days defendant has served in prison between March 4, 1993 and the date of his resentencing on April 19, 2023 (which comes to 11,003 days).

Because we are able to do this calculation ourselves, there is no need to remand to the trial court to do so.

## DISPOSITION

The judgment is modified to (1) strike the $120 in court security fees imposed pursuant to Penal Code section 1465.8; (2) strike the $90 in criminal conviction assessments imposed pursuant to Government Code section 70373; and (3) award defendant 11,266 days of presentence custody credits. As modified, the judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:


_____, P. J.
LUI


_____, J.
ASHMANN-GERST

5