[No. B216348. Second Dist., Div. Four. June 18, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
BRUCE WAYNE DAVIS, Defendant and Appellant.

COUNSEL

Alan Stern, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Scott A. Taryle and Jason Tran, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**EPSTEIN, P. J.**—In this case we hold that the new $30 to $35 court facilities fee imposed by Government Code section 70373 does not apply to cases in which the defendant's conviction, by plea or jury verdict, was rendered before the January 1, 2009 effective date of the statute. Earlier published opinions have held that the rules against ex post facto laws and for prospective application of a new statute are not offended where the offense was committed before the effective date but the plea, verdict or sentence occurred after that date. In this brief opinion, we fill in what may be the last remaining gap about application of this small fee.

█ The principal provision of the new law provides: "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense, including a traffic offense, except parking offenses . . . ." The assessment is $30 for every misdemeanor or felony, and $35 for nonparking infractions. (Gov. Code, § 70373, subd. (a)(1).) It was enacted in 2008 as "part of a broader legislative scheme in which filing fees in civil, family, and probate cases were also raised." (*People v. Fleury* (2010) 182 Cal.App.4th 1486, 1489 [106 Cal.Rptr.3d 722].) Since its history and substance demonstrate that it is not a penal statute, in terms or effect, its application to crimes committed before the effective date does not offend the prohibition against ex post facto laws. (*Id.* at pp. 1488, 1490, 1493; *People v. Castillo* (2010) 182 Cal.App.4th 1410, 1414 [106 Cal.Rptr.3d 688]; *People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 4 [99 Cal.Rptr.3d 221].) The *Fleury* and *Castillo* cases recognize that the phrasing of the statute is similar to the language of the court security fee law (Pen. Code, § 1465.8), which our Supreme Court held did not violate the ex post facto rule. (*People v. Alford* (2007) 42 Cal.4th 749, 754 [68 Cal.Rptr.3d 310, 171 P.3d 32].) Neither does its application offend the rule that new laws are presumed to operate prospectively. (*People v. Castillo, supra*, 182 Cal.App.4th 1413.) As the *Castillo* case points out, the question was "on what event does this statute *operate*." The answer, provided by the language of the statute itself, is a conviction. (*Ibid.*)

That said, it remains to consider what constitutes a "conviction"—is it the verdict or guilty plea, or the ensuing sentence and judgment of conviction? It matters in this case because the no contest plea entered by defendant, as well as the offense itself, happened before the effective date. The offense, felon in possession of a firearm (Pen. Code, § 12021, subd. (a)(1)), was alleged to have occurred in September 2007 and the no contest plea was entered in June 2008. The defendant was ordered to appear for sentencing later in December but did not, upon which a warrant was issued for his arrest. He was picked up on the bench warrant and sentenced in March 2009, a little more than two months after the effective date. The court imposed a $30 facilities fee.

■ It has been settled law for over 250 years that a person stands "convicted" upon the return of a guilty verdict by the jury or by the entry of a plea admitting guilt. (See 4 Blackstone's Commentaries 262, quoted in *Ex Parte Brown* (1885) 68 Cal. 176, 178 [8 P. 829]; *People v. Ward* (1901) 134 Cal. 301, 308 [66 P. 372], quoting Justice Story's opn. in *United States v. Gibert*, 2 Sumn. 19, 40 [25 F.Cas. 1287].) These authorities and others tell us that this is the "primary" and "ordinary" meaning of the term.

But there is another meaning, essentially an exception to the general rule. Where a civil penalty, such as disenfranchisement or debarment from office, follows as a consequence of the conviction, the conviction is held not to occur until the sentence has been pronounced. (See *People v. Rodrigo* (1886) 69 Cal. 601, 605 [11 P. 481] [debarment]; *Truchon v. Toomey* (1953) 116 Cal.App.2d 736 [254 P.2d 638] [disenfranchisement]; *Helena Rubenstein Internat. v. Younger* (1977) 71 Cal.App.3d 406 [139 Cal.Rptr. 473] [disqualification from holding office; case thoroughly discusses reported decisions up to that time].)

As summarized in *Helena Rubenstein*, "Where, as here, a civil disability flows as a consequence of the 'conviction,' the majority and better rule is to require the entry of judgment." (*Helena Rubenstein Internat. v. Younger, supra,* 71 Cal.App.3d at p. 421.)

■ Since there is no "civil disability" flowing from the small facilities fee assessment, the ordinary rule applies: the defendant was convicted when he entered his plea. Since the statute only applies to cases in which the conviction occurs on or after its effective date, it does not apply to this case.

## DISPOSITION

The order imposing the $30 facilities fee is reversed.

Willhite, J., and Manella, J., concurred.