Filed 12/4/14  P. v. Carby CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C074127 |
| Plaintiff and Respondent, | (Super. Ct. Nos. CM023554, CM025861, CM030846) |
| v. | |
| RICHARD EMMETT CARBY, JR., | |
| Defendant and Appellant. | |

Sentenced to state prison after he pleaded no contest to charges in three different cases and admitted multiple violations of probation in the last-filed case, defendant Richard Emmett Carby, Jr., contends the trial court erred by imposing excess fines and fees.  The Attorney General agrees in part.  We modify the judgment as to certain fines and fees.

1

FACTUAL AND PROCEDURAL BACKGROUND[1]

*Case No. CM023554*

In November 2005, an information charged defendant with a felony, possession of a controlled substance (count 1; Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of a hypodermic needle or syringe (count 2; Bus. & Prof. Code, former § 4140), and misdemeanor possession of drug paraphernalia (county 3; Health & Saf. Code, § 11364). The information also alleged defendant had two prior prison terms. (Pen. Code, § 667.5, subd. (b).)[2]

On November 15, 2005, defendant pleaded no contest to count 1 and admitted one prior prison term; the remaining counts and allegations were dismissed. Defendant thereafter failed to report to probation or to appear at sentencing.

*Case No. CM025861*

In October 2006, a complaint charged defendant with a felony, being a felon in possession of a dirk or dagger (count 1; former § 12020, subd. (a)(4)), misdemeanor resisting an officer (count 2; § 148, subd. (a)(1)), misdemeanor evading a police officer (count 3; Veh. Code, § 2800.1, subd. (a)), and misdemeanor providing false evidence of registration (count 4; Veh. Code, § 4462.5). The complaint alleged defendant had one prior prison term. (§ 667.5, subd. (b).)

On November 7, 2006, defendant pleaded no contest to count 1, and the remaining counts and allegations were dismissed.

*Probation in the Pending Cases*

In October 2007, the trial court suspended proceedings in both pending cases and placed defendant on probation for three years.

---

[1]     We set out the fines and fees imposed in the Discussion.

[2]     Undesignated section references are to the Penal Code.

In December 2008, a petition for violation of probation in both cases was filed, alleging defendant failed a drug test. Defendant admitted the violation. The trial court revoked and reinstated probation in both cases.

*Case No. CM030846*

In June 2009, an information charged defendant with two felonies, possession of a controlled substance (count 1; Health & Saf. Code, § 11377, subd. (a)) and receiving stolen property (count 2; § 496, subd. (a)). Two prior prison terms were alleged. (§ 667.5, subd. (b).)

*Consolidated Proceedings*

In May 2009, a petition for violation of probation in the first two cases was filed based on the allegations later charged in case No. CM030846.

In August 2009, defendant pleaded no contest to count 1 in case No. CM030846, and the remaining charges and allegations were dismissed. Defendant also admitted the violations of probation in the first two cases.

In October 2009, the trial court imposed an aggregate sentence of five years four months in state prison (three years, the upper term, in case No. CM030846, consecutive eight-month one-third the midterm sentences in each of the other two cases, and one year for the prior prison term in case No. CM023554), then suspended execution of sentence and placed defendant on probation for five years in case No. CM030846 and reinstated probation (extending it to 60 months) in the other cases.

In September 2011, a petition for violation of probation in all three cases was filed, alleging defendant sustained two DUI's and failed a drug test. The trial court found defendant in violation of probation and referred him to drug court.

On October 13, 2011, the trial court reinstated defendant's five-year probation in all three cases and modified the terms to include drug court. The court set aside previously imposed terms and conditions, then reimposed conditions as modified. It also listed the applicable fines and fees to be imposed.

3

On October 20, 2011, the trial court vacated all fines and fees ordered in 2007 and 2009. The sentencing minute order states the court would credit defendant for any payments already made and the fines and fees imposed on October 13, 2011, would remain, except for the drug fee of $350 in case No. CM030846, which the court vacated.

In March 2012, the trial court reduced defendant's drug court program fees by $50 in case Nos. CM023554 and CM025861.

On March 14, 2012, a petition for violation of probation in all three cases was filed, alleging defendant associated with another probationer. Defendant admitted the violation, and the trial court continued probation.

In December 2012, a petition for violation of probation was filed in all three cases, alleging defendant failed to attend required meetings. In January 2013, defendant admitted the allegations, and the trial court revoked probation in all three cases.

In June 2013, the trial court sentenced defendant on the violations of probation. It lifted the October 2009 stay on defendant's sentence and ordered that sentence to be executed. The court also ordered defendant to pay the fines and fees previously ordered in all three cases.

According to the probation reports, in case No. CM023554, defendant was found by law enforcement on July 29, 2005, with methamphetamine in his pants pocket, a hypodermic needle nearby on the ground, and a glass smoking pipe in his backpack. In case No. CM025861, on October 15, 2006, defendant evaded a police officer who was trying to stop him for riding a motorcycle without a rear license plate, then violently resisted arrest; he possessed a folding knife, a fixed-blade knife and a glass smoking pipe. In case No. CM030846, during a probation search of defendant's residence on April 30, 2009, officers found two folding knives, methamphetamine, marijuana, a glass smoking pipe, and a stolen laptop with the serial number scratched off.

4

DISCUSSION

I

Defendant contends the trial court erred by reimposing fines and fees in case Nos. CM023554 and CM025861, even though it had previously declared those fines "vacated as paid." The Attorney General says defendant misread the record and no duplicate fines and fees were imposed. The Attorney General is correct.

*Background*

On October 9, 2007, when the trial court placed defendant on probation in case Nos. CM023554 and CM025861, it ordered fines and fees: a $700 fine in case No. CM023554, a $720 fine in case No. CM025861, a $200 restitution fine in each case (§ 1202.4, subd. (b)), a suspended $200 probation revocation restitution fine in each case (§ 1202.44), a $175 crime laboratory fee in case No. CM023554 (Health & Saf. Code, § 11372.5), a $525 drug program fee in that case (Health & Saf. Code, § 11372.7), a $25 criminal justice administration fee in that case, a $481 presentence investigation report fee, a $420 public defender fee (§ 987.8), a $25 work program fee, and a $40 court security fee ($20 in each case) (§ 1465.8).

On October 7, 2009, after defendant had entered his no contest plea in his third case, No. CM030846, the trial court imposed sentence in all three cases, including five years' probation in case No. CM030846 and the extension of probation in the earlier cases. The court also recited fines and fees applicable to defendant's third case (though without indicating any of the applicable statutes orally). According to the sentencing minute order, these included a $200 restitution fine and a $200 probation revocation restitution fine (§§ 1202.4, subd. (b), 1202.44), a $180 criminal laboratory fee (Health & Saf. Code, § 11372.5), a $540 drug program fee (Health & Saf. Code, § 11372.7), a $409 presentence investigation report fee, a $30 court security fee (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).

On October 13, 2011, after defendant admitted the allegations of the most recent probation violation petition, the trial court extended defendant's probation in case No. CM023554 and case No. CM025861 to five years (matching the term of probation in his third case, case No. CM030846). The court recited the fines and fees applicable as follows: "State restitution fund fine per 1202.4 $200, probation revocation fine under 1202.44 $200 stayed. Criminal lab fee $50 plus various surcharges totaling $180. [Counsel stipulated the court clerk could 'break those out.']" After defense counsel noted case No. CM025861 was not a drug case, the court stated the criminal lab fee would apply only in the other two cases. The court went on: "So the drug program fee will be imposed on [case No. CM030846]. Drug program fee $540. . . . Drug court program fee $350 only on the [CM0]25861. Court security fee $40 per count per case, and a government conviction fee $30 per count per case." Finally, the court set a probation review date of October 20, 2011.

On October 20, 2011, the trial court stated: "In CM030846, the Court is going to vacate all fines and fees that were ordered on October 7th of 2009. You'll be given credit for *any* payments that were made. Fines and fees imposed on October 13th, 2011, will remain, except the Court will vacate the Drug Court fee of $350. [¶] On the next case, CM023554, the Court is going to vacate all fines and fees that were ordered on October 9th, 2007, with credit for *any* payments made. Fines and fees imposed on October 13th, 2011, will remain. [¶] In CM025861, the Court is going to vacate all fines and fees as ordered on October 9th, 2007, with credit for *any* payments made. Fines and fees imposed on October 13th, 2011, will remain. [¶] Now, we're back to square one." (Italics added.)

The sentencing minute orders for the October 20, 2011, hearing state, as to case Nos. CM023554 and CM025861: "All fines/fees as imposed on 10.9.07 are vacated with credit for *any* payments made. Fines/fees as imposed on 10.13.11 remain." (Italics added.) The sentencing minute order for the October 20, 2011, hearing states, as to case

6

No. CM030846: "All fines/fees as ordered on 10.7.09 are vacated with credit for *any* payments made. Fines and fees as imposed on 10.13.11 remain except the drug court fee of $350 is vacated." (Italics added.)

At the probation review hearing of March 1, 2012, the trial court reduced defendant's drug court program fees by $50.

On June 13, 2013, the trial court imposed sentence on defendant's most recent probation violations by lifting the stay on the five-year four-month state prison sentence imposed on October 7, 2009. The court also ordered defendant to pay the fines and fees previously ordered, consisting of $200 restitution fines (§ 1202.4, subd. (b)), $200 probation revocation fines (§ 12022.44), $180 criminal lab fees (Health & Saf. Code, § 11372.5), $40 court security fees (§ 1465.8), and $30 conviction assessment fees (Gov. Code, § 70373) as to all three cases.

*Analysis*

Citing only the October 20, 2011, minute orders, defendant asserts: "Thus, pursuant to court order, all fines and fees in case numbers CM023554 and CM025861 were *vacated as paid*. Since they were paid and vacated, the fines and fees may not be re-imposed on June 13, 2013." (Italics added.) Defendant also asserts the court erroneously imposed restitution fines on June 13, 2013, which defendant had already paid. Defendant is mistaken.

Even from the face of the October 20, 2011, minute orders, it is obvious the trial court did not vacate the prior fines and fees, including the restitution fines, "as paid." Rather, the court (1) vacated all previously ordered fines and fees, and (2) simultaneously awarded defendant credit for *any* sums he had paid on them. The record does not show what sums, *if any*, defendant had paid. The real meaning of the court's actions is unambiguously evident from the reporter's transcript of the October 20, 2011, hearing, which defendant ignores.

7

Because the fines and fees in the two earlier cases, including the restitution fines, were vacated and the record does not show defendant already paid them -- although it does show clearly defendant was to receive credit for payments he made, *if any* -- the trial court did not impose double fines when it reordered those fines in its final imposition of sentence on all three cases.

## II

Defendant contends the trial court levied fees in excess of the statutory maximum under section 1465.8 as to all three cases.  The Attorney General agrees, as do we.

Under section 1465.8, the statutory maximum fee is that which was in effect when the defendant was convicted in each instance, i.e., on the dates of his pleas.  (*People v. Alford* (2007) 42 Cal.4th 749, 754-756; *People v. Davis* (2010) 185 Cal.App.4th 998, 1001.)  In 2005 and 2006, when defendant entered his pleas in case Nos. CM023554 and CM025861, the maximum fee under section 1465.8 was $20.  (Stats. 2003, ch. 159, § 25, p. 1676.)  In August 2009, when defendant entered his plea in case No. CM030846, it was $30.  (Stats. 2009-2010, ch. 22, § 29.)  It did not increase to $40, the amount imposed by the trial court as to all three cases, until October 19, 2010.  (Stats. 2010, ch. 720, § 33.)

Because the fees imposed by the trial court are unauthorized, we modify the judgment to reflect fees under section 1465.8 of $20 each as to case Nos. CM023554 and CM025861 and $30 as to case No. CM030846.  (See *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.)

## III

Defendant contends the fees imposed by the trial court under Government Code section 70373 as to case Nos. CM023554 and CM025861 were unauthorized and must be stricken.  The Attorney General agrees, as do we.

Government Code section 70373 took effect on January 1, 2009.  (*People v. Castillo* (2010) 182 Cal.App.4th 1410, 1413; see Stats. 2008, ch. 311, § 6.5, p. 2488.)

The fee imposed under this statute "does not apply to cases in which the defendant's conviction, by plea or jury verdict, was rendered before the January 1, 2009 effective date of the statute." (*People v. Davis, supra*, 185 Cal.App.4th at p. 1000.) Therefore, the fees imposed under this statute as to case Nos. CM023554 and CM025861, in which defendant was convicted before January 1, 2009, are stricken.

IV

Defendant contends the fines and assessments imposed by the trial court under Health and Safety Code section 11372.5 and associated provisions were unauthorized as to case No. CM025861 and excessive as to case No. CM023554. The Attorney General agrees, as do we.

*Case No. CM025861*

Health and Safety Code section 11372.5, subdivision (a), provides a defendant convicted of violating any of a list of enumerated statutes, all of which describe drug-related offenses, shall be fined $50 as a criminal laboratory analysis fee for each separate offense. The offense to which defendant pleaded no contest in case No. CM025861 -- felon in possession of a dirk or dagger (former § 12020, subd. (a)(4)) -- is not among the statutes enumerated in Health and Safety Code section 11372.5, subdivision (a). Therefore, the $180 aggregate amount shown in the abstract of judgment under this provision and related assessments are stricken.[3]

---

[3]    It is not clear whether the trial court imposed this assessment orally at sentencing, or whether the court clerk, when preparing the abstract of judgment, misconstrued the court's remarks. The court stated: "A $50 Criminal Lab Fee plus various surcharges totaling $180 [as to case No. CM030846]. And that was ordered in each of the CM cases for a total of $360." In any event, the assessment is unauthorized as to case No. CM025861.

9

*Case No. CM023554*

In this case, defendant was convicted in 2005 of violating Health and Safety Code section 11377, subdivision (a), a statute listed in Health and Safety Code section 11372.5, subdivision (a). The mandatory penalty assessments associated with Health and Safety Code section 11372.5 at that time consisted of $50 under section 1464, $10 under section 1465.7, $35 under Government Code section 76000, $25 under Government Code section 70372, and $5 under Government Code section 76104.6; together with the $50 fee under the Health and Safety Code provision, the aggregate amount was $175. However, the trial court imposed an aggregate amount of $180, which included a $5 assessment under Government Code section 76104.7, according to the probation report. That provision did not become effective until 2006 and may not be applied retroactively. (*People v. Valencia* (2008) 166 Cal.App.4th 1392, 1395; Stats. 2006, ch. 69, § 18, p. 1251.) Therefore, the aggregate amount of this fee must be reduced to $175.

DISPOSITION

Defendant's convictions and sentence are affirmed. The judgment is modified as set out in parts II through IV of the Discussion. The trial court is directed to prepare an amended abstract of judgment reflecting the correct amounts of all fines, fees, and assessments as indicated above, and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

                                        NICHOLSON            , Acting P. J.


We concur:


        HULL              , J.


        MURRAY          , J.


10