Filed 2/18/15  P. v. Hernandez CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE RAYA HERNANDEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B247852<br>(Super. Ct. Nos. 1141755, 1329461)<br>(Santa Barbara County) |

Appellant Jose Raya Hernandez was convicted of multiple sexual offenses for the molestation of his biological daughters and sentenced to an indeterminate term of 150 years to life.  In addition, an earlier grant of probation for a separate sex offense was revoked and the stayed term of eight years was imposed.  The trial court ordered the indeterminate term to be served consecutively to the determinate term.

### *Case No. 1141755*

Appellant was charged with probation violations related to a 2005 conviction.[1]  After a court trial, the trial court found that he had failed to report to the

---

[1] The underlying conviction is not at issue.  Appellant pled no contest to one count of lewd act upon a child (his niece).  The trial court suspended imposition of an eight-year prison sentence and placed appellant on five years of probation, 365 days of

probation officer after being released from custody. The court ordered that his probation remain revoked and imposed execution of his previously suspended eight year sentence, which it set as the principal term. The trial court imposed $1,552.50 in victim restitution (Pen. Code, § 1202.4, subd. (f)),[2] a $200 probation revocation restitution fine (§ 1202.44), a suspended $200 parole revocation restitution fine (§ 1202.45), a $730 sex offender fine (§ 290.3), a $40 court security fee (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). Appellant was awarded 370 days of presentence custody credit.

### *Case No. 1329461*

A first amended information charged appellant with five counts of lewd act upon a child (§ 288, subd. (a)), one count of continuous sexual abuse of a child (§ 288.5, subd. (a)), and three counts of forcible lewd act upon a child (§ 288, subd. (b)(1)). In addition, it was alleged that he had suffered a prior strike (§§ 667, subds. (d)(1), (e)(1), 667.5, subd. (c)(6), 1170.12, subds. (b)(1), (c)(1), 1192.7, subd. (c)(6)) and had committed an offense against more than one victim (§ 667.61, subds. (b), (e)(4)). The jury convicted him on all counts and found the multiple victims allegation to be true. The trial court found the prior strike allegation to be true.

On one of the counts for forcible lewd act upon a child, the trial court imposed a term of 15 years to life, doubled as a second strike. (§§ 667.61, subds. (b), (e)(4), 667, subd. (e)(1), 1170.12.) On the eight remaining counts, the court imposed consecutive terms of 15 years to life. (§ 667.61, subds. (b), (e)(4).) The trial court imposed $7,735.15 in victim restitution, a $10,000 restitution fine (§ 1202.4, subd. (b)), a suspended $10,000 parole revocation restitution fine, a $2,150 sex offender

---

which were to be served in jail. After appellant served 54 days in jail, the trial court released him to participate in a recommended work furlough program. Upon his release, he was deported to Mexico and did not report to the probation officer.

[2] All statutory references are to the Penal Code unless otherwise stated.

fine, a $40 court security fee, and a $30 criminal conviction assessment. Appellant was not awarded any presentence custody credit.

### Contentions on Appeal

Appellant contends that the trial court erred by denying his motion for mistrial based on alleged misconduct by the prosecutor during closing argument, that pursuant to section 288.5, subdivision (c), he can be convicted of either the continuous sexual abuse count or four of the counts for lewd act upon a child occurring during the same period against the same victim, but not both, that the trial court erroneously imposed victim restitution a second time for the probation violation, and that the $40 court security fee for the probation violation must be reduced. We vacate appellant's conviction and sentence for continuous sexual abuse. We strike the restitution imposed a second time for his probation violation. We modify or strike as indicated the amounts imposed in court security fees and criminal conviction assessments. In all other respects, we affirm.

### FACTS

Appellant does not contest the facts underlying his convictions. He molested two of his daughters. Appellant touched the older daughter inappropriately and ejaculated on her about once a month from when she was nine years old until she was 13. She recounted four separate incidents in which he rubbed his penis on her buttocks and ejaculated. The younger daughter recounted four similar incidents beginning when she was five years old and ending when she was about ten. In three of these incidents she was crying and tried to get appellant off of her.

### DISCUSSION

### Motion for Mistrial

Appellant contends that the trial court erred by denying his motion for a mistrial. He asserts that in rebuttal argument the prosecutor made several statements maligning his counsel's character and integrity that denied him due process and a fair trial. We review the trial court's ruling for abuse of discretion. (*People v. Montes* (2014) 58 Cal.4th 809, 884.)

3

" 'A prosecutor's rude and intemperate behavior violates the federal Constitution when it comprises a pattern of conduct "so egregious that it infects the trial with such unfairness as to make the conviction a denial of due process." [Citations.]  But conduct by a prosecutor that does not render a criminal trial fundamentally unfair is prosecutorial misconduct under state law only if it involves " 'the use of deceptive or reprehensible methods to attempt to persuade either the court or the jury.' " [Citations.]  Included within the deceptive or reprehensible methods . . . constitut[ing] prosecutorial misconduct are personal attacks on the integrity of opposing counsel.  [Citation.]' [Citation.]" (*People v. Gionis* (1995) 9 Cal.4th 1196, 1214-1215.)

Appellant challenges several statements the prosecutor made in response to defense counsel's closing argument.  Defense counsel argued that the victims' mother was "desperate to stay in the United States and . . . obtain and maintain her legal status."  He told the jury that she "pressured her daughters to testify in a way that they otherwise might not have" about appellant's acts in order to qualify for a special "U-Visa" based on child sexual abuse.  Defense counsel suggested that the mother, who was already angry at appellant for molesting his niece, thought that she and the girls "deserve[d]" to "get some sort of incredible benefit" by "say[ing] he did something a little bit more terrible."

In rebuttal, the prosecutor characterized this argument as a classic "Defense 101" tactic:  First, "accuse" the mother, and indirectly the girls, "of doing things wrong."  Next, "confuse" the jury by presenting evidence of "immigration stuff" so "they won't know what to do."  Lastly, "excuse" appellant's conduct by arguing that the prosecution "didn't prove all of the elements beyond a reasonable doubt."  This was an appropriate rebuttal argument.  (See *People v. Gionis*, *supra*, 9 Cal.4th at p. 1216 ["[N]o impropriety appears in this case.  Taken in context, the prosecutor's remarks simply pointed out that attorneys are schooled in the art of persuasion; they did not improperly imply that defense counsel was lying"]; see also

4

*People v. Bell* (1989) 49 Cal.3d 502, 538 [rebuttal argument that defense counsel was trying to confuse jury not improper].)

To be sure, the prosecutor used blunt, colloquial language. He summarized the defense theory as being that the girls and their mother were lying and had engaged in a conspiracy to defraud both the court and immigration officials. He cautioned the jury that defense counsel "doesn't even have a little bit of evidence of any impropriety other than what's come out of his mouth." He characterized this theory as "garbage." He described defense counsel's attempts to convince the jury to accept the theory in terms of defense counsel "selling" and the jury "buying" it. But the prosecutor's characterization and critique of defense counsel's argument was fair comment and his choice of words was not improper. (See *People v. Huggins* (2006) 38 Cal.4th 175, 207 [no misconduct where "[t]he prosecutor simply used colorful language to permissibly criticize counsel's tactical approach"].)

In arguing that there was prosecutorial misconduct, appellant focuses on the prosecutor's most ambiguous statement: "Are [the police] wrong? Have they all been -- the wool pulled over their eyes by [the girls' mother]? The answer is no. It's just allegations coming out of [defense counsel's] mouth with no basis for it. [¶] And so -- an attorney of a convicted child molester, did he stoop to baseless accusations? Yes. Absolutely. And is that almost as unthinkable as the proof as to what happened here? Yes. It's almost equally unthinkable to have that tactic happen in this courtroom today."

Viewed in context, it is likely that the prosecutor was merely reiterating his belief that there was no evidence to support defense counsel's theory of the case. The prosecutor began his rebuttal argument by telling the jury that defense counsel is "a fine lawyer in his own right, and does a nice job being a zealous advocate on behalf of his client." He continued: "[D]on't take what I say as a personal affront on [defense counsel] whatsoever. My criticisms are regarding tactics and decisions [defense counsel] and his client have made concerning the defense in this matter and

5

solely for that." Taken as a whole, the prosecutor's argument was a critique of the defense theory rather than an ad hominem attack on defense counsel.

Moreover, defense counsel failed to raise a specific objection to the prosecutor's remark about "unthinkable" tactics. To the extent this lone remark in an otherwise permissible rebuttal argument arose to the level of misconduct, the trial court's curative instruction rendered it harmless. When defense counsel made a general objection, the court instructed the jury, "ladies and gentlemen, remember what counsel say is not evidence. It's argument." This was an appropriate response. Appellant failed to raise a specific objection or request a particular admonishment in a timely manner. Therefore, he has not preserved any such argument for appeal. (See *People v. Gionis*, *supra*, 9 Cal.4th at p. 1215.)

<u>Conviction for Continuous Sexual Abuse</u>

Appellant contends that his convictions cannot stand both on the count for continuous sexual abuse and on four of the counts for lewd act upon a child because, as charged, the crimes were all perpetrated against the same victim during the same time period. We agree.

The first amended information contained allegations that in counts 1, 2, 3, and 5 for lewd act upon a child and in count 4 for continuous sexual abuse, each crime was perpetrated between January 1, 1999, and January 7, 2004, against victim Jane Doe #1 (the older daughter). The statute setting forth the offense of continuous sexual abuse provides that "[n]o other act of [lewd act upon a child] involving the same victim may be charged in the same proceeding with a charge under this section unless the other charged offense occurred outside the time period charged under this section or the other offense is charged in the alternative." (§ 288.5, subd. (c).)

This provision leaves prosecutors with several options in cases such as this: "They may, for example, plead and prove discrete sexual offenses and seek consecutive sentencing when permitted; they may bring a charge of continuous sexual abuse, with its relatively severe range of punishments (§ 288.5, subd. (a)); they may charge continuous sexual abuse and discrete sexual offenses outside the

6

period of the alleged continuous abuse [citation]; in appropriate circumstances, they may plead and prove the allegations required by section 667.61, the 'One Strike' law; or they may charge discrete sexual offenses and continuous sexual abuse in the alternative. Because section 288.5, subdivision (c) clearly mandates the charging of continuous sexual abuse and specific sexual offenses, pertaining to the same victim over the same period of time, only in the alternative, they may not obtain multiple convictions in the latter circumstance." (*People v. Johnson* (2002) 28 Cal.4th 240, 248.)

Notwithstanding the plain statutory language, the People argue that the multiple convictions were proper because, as the crimes were charged and as the jury was informed in closing argument, each crime involved distinct acts.[3] That the acts of continuous sexual abuse were distinct is irrelevant to the statute, which forbids the charging (other than in the alternative) of any "other act" against the same victim within the same time period. (§ 288, subd. (c).) In other words, it is the period of time during which the acts were committed and not the specific acts themselves that is determinative. The statute's purpose "was not . . . to multiply potential convictions or punishments for [resident child molesters], but rather to subject them to 'certain' punishment by lowering the unanimity hurdle against which many molestation prosecutions evidently had stumbled." (*People v. Johnson*, *supra*, 28 Cal.4th at p. 247.)

Appellant's conviction for both crimes violates section 288.5, subdivision (c). Accordingly, we will vacate appellant's conviction and sentence

---

[3] In count 4 of the first amended information, appellant was charged with continuous sexual abuse for "separate and distinct acts to counts 1, 2, 3 and 5 [the counts for lewd act upon a child]." Contrary to the People's assertion here, however, the prosecutor told the jury in reference to the count for continuous sexual abuse, "I am not *just* talking about Counts 1, 2, 3, 5." (Italics added.) This suggested to the jury that they *could* consider the acts underlying the counts for lewd act upon a child when determining whether appellant committed continuous sexual abuse.

for continuous sexual abuse. (See *People v. Torres* (2002) 102 Cal.App.4th 1053, 1060-1061.)

<u>*Victim Restitution*</u>

Appellant contends that the trial court erred by imposing victim restitution twice in case number 1141755. The People concede the error. (*People v. Chambers* (1998) 65 Cal.App.4th 819, 822-823.) Therefore, we will strike the additional restitution imposed on February 19, 2013.[4]

<u>*Court Security Fees and Criminal Conviction Assessments*</u>

Both appellant and respondent agree that there are errors in the court security fees and criminal conviction assessments imposed by the trial court. In case number 1141755, the trial court erred by imposing a $40 court security fee and a $30 criminal conviction assessment. The court security fee applicable at the time of appellant's 2005 conviction was only $20. (Former § 1465.8, subd. (a)(1).) The criminal conviction assessment does not apply to convictions rendered before 2009, the relevant statute's effective date. (*People v. Davis* (2010) 185 Cal.App.4th 998, 1000.) Therefore, we will reduce the court security fee to $20 and strike the criminal conviction assessment.

In case number 1329461, the court erred by imposing a single $40 court security fee and a single $30 criminal conviction assessment rather than one of each per count. Because we vacate appellant's conviction for continuous sexual abuse, there are eight rather than nine counts to which the fee and assessment apply. Accordingly, we will modify the judgment to reflect a $320 court security fee and a $240 criminal conviction assessment.

---

[4] The trial court imposed additional restitution to the Victim Compensation and Government Claims Board in the amount of $1,552.50, consisting of $635 to account number 844910, $667.50 to account number 844912, and $250 to account number 845540.

DISPOSITION

In case number 1141755, the February 19, 2013 order is stricken to the extent it imposes victim restitution and a $30 criminal conviction assessment. The order is modified to reflect a court security fee of $20.

In case number 1329461, appellant's conviction and sentence in count 4 for continuous sexual abuse are vacated. The February 19, 2013, order is modified to reflect a court security fee of $320 and a criminal conviction assessment of $240.

Upon remittitur issuance, the clerk of the superior court is directed to prepare an amended abstract of judgment reflecting these modifications and an indeterminate sentence totaling 135 years to life. A copy of the amended abstract of judgment shall be forwarded to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P. J.

YEGAN, J.

9

Jean M. Dandona, Judge

Superior Court County of Santa Barbara

_____


Derek K. Kowata, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Thomas C. Hsieh, Deputy Attorney General, for Plaintiff and Respondent.