Filed 5/22/26  P. v. Garcia CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B340824 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA028283) |
| v. | |
| RICHARD ANTHONY GARCIA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Jacqueline Lewis, Judge.  Affirmed with modifications.

Joanna Rehm, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Jason Tran, Supervising Deputy Attorney General, and Blake R. Armstrong and Taylor T. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \*

Richard Garcia (defendant) received a full resentencing in September 2024 pursuant to Penal Code section 1172.75.[1]  On appeal, defendant argues that the trial court erred (1) in not dismissing any of his prior "strike" convictions or a five-year enhancement for having a prior serious felony conviction, and (2) in imposing certain fines, fees and assessments.  Although we agree with defendant and the People that the court erred in imposing the fines, fees and assessments, the trial court did not otherwise abuse its discretion during the resentencing.  We accordingly affirm with directions.

## FACTS AND PROCEDURAL BACKGROUND

### I.  Facts

#### A.  *Underlying crime*

While in a courthouse holding cell in May of 1994 awaiting a court appearance on robbery and attempted robbery charges, defendant and another inmate beat up a fellow inmate and took his shoes.

---

1      All further statutory references are to the Penal Code unless otherwise indicated.

2

**B.** *Charges, conviction and sentence*

The People charged defendant with robbery (§ 211). The People also alleged that each of defendant's two 1990 convictions for robbery constituted a "strike" within the meaning of our Three Strikes Law (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(j)), that one of those robbery convictions constituted a prior serious felony conviction (§ 667, subd. (a)(1)), and that defendant had served a prior prison term for a 1992 felony conviction for petty theft with a prior (§ 666, 667.5, subd. (b)).

A jury convicted defendant of the robbery count, and the trial court found true the allegations regarding defendant's prior convictions.

In 1996, the trial court sentenced defendant to a prison term of 31 years, comprised of a base sentence of 25 years to life (as a third strike), plus five years for the prior serious felony enhancement, plus one year for the prior prison term enhancement.

We affirmed the judgment and sentence in an unpublished opinion, rejecting defendant's argument that his two 1990 robbery convictions constituted a single strike because they had been charged together in a single case. (*People v. Garcia et al.* (July 10, 1997, B105618) [nonpub. opn.].)

## II. Procedural Background

In December 2023, defendant filed a petition pursuant to Senate Bill No. 483 (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12)—which is now codified at section 1172.75—seeking a full resentencing, and asking the trial court to dismiss the (1) one-year prior prison term enhancement, and (2) five-year serious felony enhancement; defendant did not request that any of his prior "strike" convictions be dismissed. To his petition, defendant

3

attached documentation in support of his argument that he had "made a concerted effort to rehabilitate himself."

The People filed two responses. In its initial response, the People agreed that the trial court should resentence defendant and dismiss the one-year prior prison term enhancement, but opposed dismissal of the five-year serious felony enhancement. Attached to that response was documentation detailing defendant's 25 prison rule violations while in custody for this offense. Those infractions included: (1) a 2023 rule violation for possessing a deadly weapon (namely, a sharpened piece of metal); (2) a 2022 rule violation for fighting; (3) a 2019 rule violation for assaulting a peace officer; (4) a 2018 rule violation for fighting; (5) a 2016 rule violation for participating in a riot; (6) a 2012 rule violation for fighting resulting in the use of force; (7) a 2010 rule violation for fighting resulting in the use of force; (8) a 2009 rule violation for fighting resulting in the use of force; and (9) a 2008 rule violation for fighting. In its supplemental response, the People argued that defendant was ineligible to have his third-strike base sentence reconsidered under the Three Strikes Reform Act (§ 1170.126) due to the then-recent decision in *People v. Superior Court* (*Guevara*) (2023) 97 Cal.App.5th 978, review granted Mar. 12, 2024, S283305 (*Guevara I*).

The trial court convened a hearing over two days in September 2024 to consider defendant's petition for resentencing under section 1172.75.[2]

Defendant called two witnesses—himself and another inmate—to testify that defendant's 2023 rule violation for possessing a deadly weapon was unjustified because the other

___

[2] The court also convened a *Franklin* hearing, but that is not at issue in this appeal.

4

inmate had merely tossed the sharpened metal object into defendant's cell.

In making its oral ruling, the court started by remarking that defendant was "entitled to a full resentencing." Although defendant did not in his petition challenge the 25-year base sentence under the Three Strikes Law, the court reaffirmed that base sentence. The court explained that, in light of *Guevara I*, defendant was "legally ineligible" for resentencing under the Three Strikes Reform Act. The court further explained that, even if *Guevara I* "didn't exist," it would still not dismiss any of defendant's prior strike convictions because "this case falls squarely within the spirit of the Three Strikes Law" and that "nothing [defendant] has done subsequent to [his conviction]—in fact, just the opposite—would indicate that those strikes should be stricken." The court then turned to assessing whether to dismiss the five-year prior serious felony enhancement. The court noted that defendant had "done a few [positive] things while he [was] incarcerated," "[b]ut" that those positives did not "begin[] to weigh against what has otherwise happened while he was incarcerated" (and, more specifically, defendant's many prison rule violations involving violence). The court rejected as not credible the testimony defendant and his fellow inmate offered downplaying defendant's guilt of the 2023 deadly weapon possession violation, finding it to be wholly inconsistent with defendant's plea to that very same rule violation. The court accordingly found that it was not "in the interest of justice" to dismiss the five-year enhancement. The court then dismissed the one-year prior prison term enhancement, and resentenced defendant to a prison term of 30 years. The court also imposed a

5

$200 restitution fine, a $40 court operation assessment, and a $30 criminal conviction fee.

Defendant timely filed this appeal.

**DISCUSSION**

On appeal, defendant argues that the trial court erred in imposing a 30-year prison sentence during the resentencing hearing and in imposing the $200 restitution fine, the $40 court operation assessment, and the $30 criminal conviction fee. The People concede—and we accept the concession—that the court's imposition of the fine, assessment and fee was error because a restitution fine cannot be re-imposed more than 10 years after initially imposed (§ 1465.9, subd. (d) [setting a 10-year limit as to "the date of imposition of a restitution fine pursuant to Section 1202.4"]; accord, *People v. Salstrom* (2025) 117 Cal.App.5th 596, 601, review granted Mar. 11, 2026, S295038), and because the assessment and fee did not become law until *after* defendant's 1996 sentencing (*People v. Alford* (2007) 42 Cal.4th 749, 754 [applying section 1465.8 only to convictions imposed "after its operative date"]; Stats. 2003, ch. 159, § 25 [Section 1465.8 became effective on August 17, 2003]; *People v. Davis* (2010) 185 Cal.App.4th 998, 1000-1001 [applying Government Code section 70373 only to convictions after its effective date]; Stats. 2008, ch. 311, § 6.5 [Government Code section 70373 became effective on January 1, 2009]). We accordingly turn to defendant's challenges to the newly imposed sentence—namely, that the court erred in not dismissing any of his strike convictions and in re-imposing the prior felony conviction enhancement.

Where, as here, a defendant was originally sentenced for a prior prison term enhancement that arose from a conviction that was not a "sexually violent offense," that defendant is entitled to

6

a "full resentencing" where that enhancement is to be stricken *and* where the trial court is to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§§ 1172.75, subds. (c), (d)(1)-(2), 667.5, subd. (b); *People v. Superior Court* (*Guevara*) (2025) 18 Cal.5th 838, 875 (*Guevara II*) ["section 1172.75 by its express terms . . . provide[s] for a full resentencing"].)

## I. Error Not to Dismiss Prior "Strike" Allegations[3]

Defendant appears to argue that the trial court erred in not considering whether to dismiss any of his prior "strike" convictions when imposing his 25-year base sentence under the Three Strikes Law.

As a threshold matter, defendant has forfeited this argument because, as he acknowledges on appeal, he never *asked* the trial court to dismiss any of his prior "strike" convictions. This constitutes a forfeiture. (*People v. Carmony* (2004) 33 Cal.4th 367, 375-376 (*Carmony*) ["any failure on the part of a defendant to invite the court to dismiss [strike allegations] under

---

**3** In this appeal, we consider only the arguments defendant presents in his opening brief. In his reply brief, he argues that *People v. Shaw* (2025) 18 Cal.5th 1089, which was issued after his opening brief, entitles him to have his two prior "strike" convictions treated as a single "strike" (rather than as two "strikes"). Because defendant, as noted in the text, never asked the trial court to dismiss any of his "strike" offenses and because defendant has filed a habeas petition addressing this issue and relying on documents outside the record in this appeal, we confine our analysis to the issues properly in this appeal and without prejudice to litigation of the *Shaw* issue in the separate habeas proceedings. For the same reasons, we have declined to consolidate this appeal with the pending habeas petition.

7

section 1385 . . . waives or forfeits his or her right to raise the issue on appeal"].) Recognizing the forfeiture, defendant implies that his trial counsel provided constitutionally ineffective assistance by failing to ask for the dismissal of his strike convictions. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was both (1) deficient and (2) prejudicial. (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Even if we assume for the sake of argument that counsel's failure to ask was deficient, we *know* that this failure was not prejudicial because the trial court on its own determined that it would not dismiss any of defendant's "strike" allegations because he "falls squarely within the spirit of the Three Strikes Law." That is *precisely* the test a trial court is to apply in exercising its discretion whether to dismiss a "strike" conviction. (*Carmony*, at p. 377; *People v. Williams* (1998) 17 Cal.4th 148, 161.) Nor did the trial court abuse its discretion in determining that defendant fell within the spirit of the Three Strikes Law. (*Carmony*, at p. 374.) This determination is made after examining the "nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects." (*Id.* at p. 377.) Here, the trial court noted that defendant was "out on parole" when he robbed the inmate, that his "prior robber[y convictions] were committed within a short period of time" before that offense, and that defendant's modest rehabilitative efforts were outweighed by his extensive record of violent and disobedient behavior while incarcerated.

Defendant makes what boil down to two arguments in response.

8

First, he asserts that the trial court's reference to his "legal[] ineligib[ility]" to being resentenced meant that the court did *not* actually exercise its discretion whether to dismiss his strike convictions. We reject this assertion because it ignores the context in which the court found defendant "legally ineligible" for resentencing—namely, legally ineligible *under the Three Strikes Reform Act*. (Tellingly, that is a contention defendant does not dispute on appeal.) We also reject this assertion because the trial court went on to hold, in the alternative, that defendant fell within the spirit of the Three Strikes Law. Defendant urges that a trial court's findings in any alternative holding reflect a "unintentional psychological bias[] and pitfall[]" that entitle those alternative findings to no weight. This argument is silly, as courts routinely make findings in the alternative, and we decline to hold that, in so doing, any alternative holding is implicitly tainted.

Second, defendant argues that the trial court did not explicitly consider his youth at the time of the crime (he was 19). While youth can be a relevant factor in assessing whether to dismiss a strike conviction (as part of the defendant's "background") (e.g., *People v. Avila* (2020) 57 Cal.App.5th 1134, 1141-1142), defendant argued that he was a "youthful offender" at the time of his underlying conviction and the trial court in no way indicated that it was *not* considering his youth—and, indeed, the court was simultaneously holding a *Franklin* hearing that is *premised* on his relative youth. In the absence of any evidence that the court was not applying the law correctly, we must assume from the court's silence that the court understood and applied the correct law. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Carmony*, *supra*, 33 Cal.4th at p. 378; *People v.*

9

*Myers* (1999) 69 Cal.App.4th 305, 310; see generally *People v. Large* (2007) 41 Cal.4th 538, 550 [a trial court is not required to "explain its reasons" for "declin[ing] to strike" a "strike" conviction].)  We decline defendant's invitation to presume error from silence.

## II.      Error Not to Strike Five-Year Serious Felony Enhancement

Defendant argues that the trial court erred in not dismissing the five-year serious felony enhancement.

As in effect in 2024, section 1385 granted trial courts "the authority" and a simultaneous duty "to strike or dismiss [a sentencing] enhancement" (or, if they prefer, the "additional punishment for th[e] enhancement") if doing so is "in the furtherance of justice."  (§ 1385, subds. (b) & (c)(1).)  Although this provision makes clear that whether a dismissal of an enhancement is "in the furtherance of justice" is a "discretion[ary]" call for the trial court to make (*id.*, subd. (c)(1)-(3)), the provision also directs that the existence of any of nine enumerated "mitigating circumstances" "weighs greatly in favor of dismissing the enhancement, unless the court finds that [the] dismissal of the enhancement would endanger public safety" (*id.*, subd. (c)(2)).  In *People v. Walker* (2024) 16 Cal.5th 1024, our Supreme Court rejected the notion that the presence of an enumerated mitigating circumstance erects a rebuttable presumption in favor of dismissing an enhancement that can be rebutted only by a showing that dismissal would endanger public safety.  (*Walker*, at pp. 1028-1029.)  Instead, *Walker* held that, even when a court determines that dismissing an enhancement will not endanger public safety, the court retains discretion *not* to dismiss or strike that enhancement.  In exercising that

10

discretion, the court is to "assign[] significant value" to any mitigating circumstance(s), which "strongly favor[s]" and "will generally result in the dismissal of an enhancement"—except when the "court finds substantial, credible evidence of countervailing factors that 'may nonetheless neutralize even the great weight of the mitigating circumstance, such that dismissal of the enhancement is not in [the] furtherance of justice.'" (*Id.* at pp. 1029, 1036.) We review the exercise of discretion under section 1385, subdivision (c) for an abuse of discretion. (*People v. Gonzalez* (2024) 103 Cal.App.5th 215, 225.)

The trial court did not abuse its discretion in declining to strike the five-year prior serious felony enhancement. To be sure, one of section 1385's "mitigating circumstances" is present here—namely, that the "enhancement is based on a prior conviction that is over five years old" (§ 1385, subd. (c)(2)(H)) because the robbery conviction supporting the enhancement at issue was sustained in 1990.[4] Even though this mitigating circumstance "weighs greatly in favor of dismiss[al]" of the enhancement (*id.*, subd. (c)(2)), the trial court did not abuse its discretion in declining to dismiss the enhancement here because the court explicitly found that it would not be in the "interest of justice" to dismiss the enhancement given defendant's demonstrated,

---

4    Defendant argues that a second mitigating circumstance is present—namely, that "[t]he application of [the] enhancement could result in a sentence of over 20 years." (§ 1385, subd. (c)(2)(C).) Because defendant's sentence exceeds 20 years by virtue of the 25-year, third strike base sentence alone, however, the five year prior serious felony enhancement would not be what causes his sentence to exceed 25 years. In such a context, this mitigating circumstance does not apply. (*People v. Torres* (2025) 113 Cal.App.5th 88, 93.)

11

longstanding, persistent and recent record of violent and rule-breaking conduct while in custody. Whether the court's ruling constitutes an implicit finding that releasing defendant would endanger public safety or instead a finding, in the exercise of the court's residual discretion, that dismissal would not be in the furtherance of justice, the court did not abuse its discretion in making that finding.

Defendant resists this conclusion with two arguments.

First, defendant argues that the court did not explicitly indicate that it was giving "great weight" to the age of his prior serious felony conviction. This is true, but, as noted above, there is nothing to indicate that the trial court misunderstood or misapplied the framework for evaluating requests to dismiss enhancements under section 1385, subdivision (c). Contrary to what defendant suggests, we must presume competence, not incompetence, from a court's silence. For much the same reason, we reject defendant's related contention that the court did not consider his relative youth in exercising its discretion. (Cf. *Guevara II*, *supra*, 115 Cal.App.5th at p. 930 [ruling that "youth" is relevant to the exercise of discretion under section 1385].)

Second, defendant complains that the trial court undervalued his rehabilitative efforts and overvalued the evidence of his continued violent conduct while in custody, and urges us to treat his rule violations as less concerning because most of them did not involve weapons or injury. These arguments essentially ask us to weigh the evidence differently and to substitute our evaluation for the trial court's, but that is beyond our purview when evaluating a ruling for an abuse of discretion. (*Carmony*, *supra*, 33 Cal.4th at p. 377.)

12

## DISPOSITION

The trial court is directed to strike the $200 restitution fine, the $40 court operation assessment, and the $30 criminal conviction fee. The trial court shall then forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.

HOFFSTADT


We concur:


_____, J.

MOOR


_____, J.

KIM (D.)

13